Sallie **M. HADNOTT** et al., Plaintiffs,
United States of America, Amicus Curiae and Party,

v.

Mabel **S. AMOS**, as Secretary of State of Alabama, et al., Defendants.

Civ. A. No. 2757–N.

United States District Court,
M. D. Alabama, N. D.

Jan. 7, 1971.

Perry Hubbard, Hubbard & Waldrop, Tuscaloosa, Ala., for Probate Judge Herndon.

Charles Morgan, Jr., Reber F. Boult, Jr., Atlanta, Ga., George W. Dean, Destin, Fla., for Sally Hadnott and others.

Ira DeMent, U. S. Atty., F. E. Leonard, Jr., Asst. U. S. Atty., Montgomery, Ala., Dorothy E. Mead, U. S. Dept. of Justice, Washington, D. C., for the United States.

L. Drew Redden, Rogers, Howard, Redden & Mills, Birmingham, Ala., for Mabel S. Amos.

MacDonald Gallion, Atty. Gen. of Alabama, John G. Bookout, Deputy Atty. Gen., Gordon Madison, Leslie Hall, William N. McQueen, Asst. Attys. Gen., Montgomery, Ala., for the Governor, the Atty. Gen., the Probate Judges, the Greene County Bd. of Registrars and Mrs. Amos.

Ralph Banks, Eutaw, Ala., for Seale, Henderson, Carpenter, Drummond, Gould and Owens.

R. Clifford Fulford, Levine, Fulford & Pope, Birmingham, Ala., for Circuit Judge Hildreth.

Before GODBOLD, Circuit Judge, and JOHNSON and PITTMAN, District Judges.

## CIVIL CONTEMPT

PER CURIAM.

This proceeding was initiated in September, 1968, by the plaintiffs, Negro and white electors of the National Democratic Party of Alabama, on behalf of themselves and others similarly situated, to require the defendants, including James Dennis Herndon in his capacity as Probate Judge of Greene County, Alabama, to place upon the official ballots for the 1968 general election the names of National Democratic Party of Alabama candidates for state and local elections. On September 18, 1968, this Court issued a temporary restraining order in this case, which order was renewed on September 28, 1968, and, after a hearing on the merits, renewed again on October 8, 1968. The temporary restraining order was dissolved on October 11, 1968; however, on October 14, 1968, the United States Supreme Court restored this Court's order of September 18, 1968, and, after a hearing on the merits, again restored, on October 19, 1968, this Court's September 18, 1968 order.

The evidence in this case reflects that James Dennis Herndon had actual knowledge of this Court's order of September 18, 1968, and had actual knowledge that, after this Court had dissolved its September 18, 1968, order, the Supreme Court of the United States on October 14, 1968, reinstated and restored said order and, further, had actual knowledge that, after a hearing conducted on October 18, 1968, the Supreme Court of the United States again restored and reinstated this Court's order of September 18, 1968. The evidence in this case further reflects that, notwithstanding this actual knowledge, James Dennis Herndon, in his capacity as Probate Judge of Greene County, Alabama, failed to list the names of the local National Democratic Party of Alabama candidates on the official ballot for Greene County, Alabama.

■■ This Court finds that the evidence of knowledge and the failure and refusal of James Dennis Herndon to comply with this Court's order of September 18, 1968, as restored and reinstated by the Supreme Court on October 14, 1968, and on October 19, 1968, is clear and convincing. The disobedience of James Dennis Herndon to this Court's order of September 18, 1968, was to the damage

of Frenchie Burton, Vassie Knott, Harry C. Means, Levi Morrow, Sr., Robert Hines and J. A. Posey, Sr., in that said individuals, who were members of the class that initiated this civil action, would have been elected to the Court of County Commissioners and the Board of Education of Greene County, Alabama, had their names been on the Greene County general election ballot of November 5, 1968. This Court further finds and concludes that it is appropriate to impose a fine to compensate said injured parties for their actual loss or damage suffered by reason of the disobedience of this Court's order by James Dennis Herndon. The evidence reflects that said injured parties suffered actual loss and financial damage as follows:

| Name | Amount Lost |
| --- | --- |
| Frenchie Burton | $ 1,333.00 |
| Vassie Knott | 1,333.00 |
| Harry C. Means | 1,333.00 |
| Levi Morrow, Sr. | 1,333.00 |
| Robert Hines | 60.00 |
| J. A. Posey, Sr. | 60.00 |

This Court further finds and concludes from the evidence in this case that the other claims made by the plaintiffs for damage and loss are either not applicable because said damages were not sustained by parties to this action, or are too speculative; therefore, all claims other than those hereinabove listed will be denied.

Accordingly, it is the order, judgment and decree of this Court that James Dennis Herndon be and he is hereby adjudged guilty of civil contempt of this Court for his failure and refusal to comply with this Court's order of September 18, 1968.

It is the further order, judgment and decree of this Court that a judgment be and the same is hereby rendered against James Dennis Herndon in the total amount of $5,452; the judgment herein and hereby rendered represents the actual loss to Frenchie Burton in the amount of $1,333, Vassie Knott in the amount of $1,333, Harry C. Means in the amount of $1,333, Levi Morris, Sr., in the amount of $1,333, Robert Hines in the amount of $60, and J. A. Posey, Sr., in the amount of $60, caused by James Dennis Herndon's violation of this Court's order of September 18, 1968.

It is the further order, judgment and decree of this Court that James Dennis Herndon pay to the Clerk of this Court the sum of $5,452 within ten days from the date of this order, which money will be distributed by the Clerk of this Court to the following individuals in the amounts specified:

| Name | Amount |
| --- | --- |
| Frenchie Burton | $ 1,333.00 |
| Vassie Knott | 1,333.00 |
| Harry C. Means | 1,333.00 |
| Levi Morrow, Sr. | 1,333.00 |
| Robert Hines | 60.00 |
| J. A. Posey, Sr. | 60.00 |

It is the further order, judgment and decree of this Court that the costs incurred in this civil contempt proceeding be and the same are hereby taxed against James Dennis Herndon, for which execution may issue.