105 F.3d 663
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Calvin J. WEBER, Appellant,
Carolyn A. Weber; Tracy M. Weber; Timothy P. Weber;
Richard D. Weber, Plaintiffs,
v.
UNITED STATES of America, Appellee.
 No. 96-2667.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 26, 1996.
Decided Jan. 2, 1997.
 
 Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Calvin J. Weber, a former civilian Army engineer, appeals from the magistrate judge's[1] order dismissing his Federal Tort Claims Act (FTCA) action for failure to state a claim. Weber, pro se, filed this FTCA complaint on behalf of himself and his four minor children against the United States. Weber claims that the Federal Bureau of Investigation (FBI) investigated him for disclosing classified Army information and created files containing false criminal accusations, causing him "a criminal stigma" and employment damages, and possibly also stigmatizing his children and hindering their future employment prospects; and that the government's failure to release these files in response to his Freedom of Information Act (FOIA) requests because of an ongoing "classification review" constitutes "an act of unwarranted abuse of process." The magistrate judge granted the government's motion to dismiss, and sua sponte dismissed Weber's children because Weber failed "to file a motion to proceed as next friend" for his children. Weber timely appealed, and we now affirm.
 
 
 2
 Reviewing de novo the grant of dismissal under Fed.R.Civ.P. 12(b)(6), Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995), we believe the magistrate judge properly dismissed Weber's federal claims. See 28 U.S.C. § 1346(b); Klett v. Pim, 965 F.2d 587, 589 (8th Cir.1992) (no FTCA action for violation of federal statute by U.S. agency); see also Laswell v. Brown, 683 F.2d 261, 267-68 (8th Cir.1982) (no FTCA claim for Fifth Amendment violations), cert. denied, 459 U.S. 1210 (1983).
 
 
 3
 We further conclude that Weber's abuse-of-process claim is barred by the FTCA's discretionary function exception. See 28 U.S.C. § 2680(h); Georgia Cas. & Sur. Co. v. United States, 823 F.2d 260, 263 (8th Cir.1987) (FBI investigation is "discretionary function"); see also Crumpton v. Stone, 59 F.3d 1400, 1406 (D.C.Cir.1995) (FOIA classification decision is "discretionary function"), cert. denied, 116 S.Ct. 1018 (1996). Finally, we conclude the magistrate judge did not err in dismissing Weber's children. See Fed.R.Civ.P. 17(c).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)