# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3319
_____

Carrie Larson,

*Plaintiff - Appellant,*

v.

United States of America,

*Defendant - Appellee.*
_____

Appeal from United States District Court
for the District of South Dakota - Central
_____

Submitted: May 5, 2022
Filed: May 12, 2022
[Unpublished]
_____

Before COLLOTON, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Carrie Larson appeals the district court's[1] dismissal of her action under the
Federal Tort Claims Act (FTCA). Larson argues that her claims were based on

_____

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court
for the District of South Dakota.

negligence, and that the district court erroneously construed her complaint as asserting claims of misrepresentation, breach of contract, and interference with contract.

Upon careful de novo review, we conclude that Larson's claim alleging that the Bureau of Indian Affairs made misrepresentations to the Rosebud Sioux Tribe was barred by the FTCA's intentional-tort exception. *See* 28 U.S.C. § 2680(h). We also conclude that Larson's allegation that the Bureau failed to allow third-party grazing constituted a claim asserting breach of contract, not a negligence claim, as Larson did not allege a breach of a legal duty independent of contract. *See Kreisers Inc. v. First Dakota Title Ltd. P'ship*, 852 N.W.2d 413, 419 (S.D. 2014); *Good Low v. United States*, 428 F.3d 1126, 1128 (8th Cir. 2005). The district court correctly ruled that the Court of Federal Claims had exclusive jurisdiction over the breach-of-contract claim, as Larson sought over $10,000 in damages. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *Minnesota v. Heckler*, 718 F.2d 852, 857 (8th Cir. 1983). We further reject Larson's claims alleging that the Bureau failed to prevent unauthorized trespass on her range units and did not provide her with administrative remedies before terminating her grazing permit. Violations of administrative regulations do not create a cause of action under the FTCA, and South Dakota law does not impose similar obligations on private persons. *See* 28 U.S.C. § 1346(b)(1); *Good Low*, 428 F.3d at 1128; *Klett v. Pim*, 965 F.2d 587, 589 (8th Cir. 1992).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____