COLEMAN, et al., Plaintiffs,

v.

BLOCK, et al., Defendants.

Civ. No. A1–83–47.

United States District Court,
D. North Dakota,
Southwestern Division.

Oct. 28, 1983.

On National Class Preliminary Injunction
Nov. 14, 1983.

Sarah M. Vogel, Grand Forks, N.D., for plaintiffs.

Arthur R. Goldberg, Dept. of Justice, Washington, D.C., Gary Annear, Asst. U.S. Atty., Fargo, N.D., for defendants.

MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

The plaintiffs in this action have moved for leave to file an amended class action complaint. The amended complaint would expand the scope of the class from a state-

wide class to a national class, with the exception of those states where state-wide class action motions are pending or have been certified. According to counsel, state-wide class actions have been requested or certified in the States of Georgia, Florida, Alabama, Kansas, Minnesota and Mississippi.

I have already found that the state-wide class action qualifies under Rule 23 of the Federal Rules of Civil Procedure. 562 F.Supp. 1353, 1356–59. I find that the same rationale applies to an expanded national class. Thus, the remaining issue is whether expansion of the class is appropriate in this particular litigation.

■ As was stated by the United States Supreme Court in *Califano v. Yamasaki*, 442 U.S. 682, 702, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1979),

Nothing in Rule 23, however, limits the geographic scope of a class action that is brought in conformity with that Rule. Since the class here was certified in accordance with Rule 23(b)(2), the limitations on class size associated with Rule 23(b)(3) actions do not apply directly. Nor is a nationwide class inconsistent with principles of equity jurisprudence, since the scope of injunctive relief is dictated by the extent of the violation established, not by the geographic extent of the plaintiff class.

The *Yamasaki* Court went on to state that "a federal court when asked to certify a nationwide class should take care to ensure that nationwide relief is indeed appropriate in the case before it, and that certification of such a class would not improperly interfere with the litigation of similar issues in other judicial districts." *Id.*

■ The violations of statutory or constitutional rights that are alleged by the North Dakota class action are based on regulations and practices that entail a national scope. The pre-hearing cut-off of necessary family living and farm operating expenses after FmHA decides on acceleration or liquidation is required by national regulations. The FmHA appeal procedure is also set forth in national regulations.

Lastly, the Secretary of Agriculture's interpretation of 7 U.S.C. § 1981a (1976) creates a national FmHA policy as to the manner in which the deferral relief provisions are implemented.

*Yamasaki* also involved legal issues of a national scope. In that case the Supreme Court found that a national class was "peculiarly appropriate":

The issues involved are common to the class as a whole. They turn on questions of law applicable in the same manner to each member of the class. The ultimate question is whether a prerecoupment hearing is to be held, and each individual claim has little monetary value. It is unlikely that the differences in the factual background of each claim will affect the outcome of the legal issue. And the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every social security beneficiary to be litigated in an economical fashion under Rule 23.

*Yamasaki,* 442 U.S. at 701, 99 S.Ct. at 2557. There can be little doubt that the issues raised in the *Coleman* case fall precisely under the Supreme Court's *Yamasaki* rationale. Thus, a national class action is an appropriate method for resolving these issues.

Since the expansion of the class is appropriate for resolving the type of legal questions raised in *Coleman,* I must now consider whether expansion is appropriate in this particular litigation. Defendants argue that 1) the motion should be dismissed pursuant to Local Rule 5 because the supporting brief was not filed within the five-day time period; 2) the motion is unduly delayed; 3) granting the motion would unduly prejudice the Defendants; and 4) the Plaintiffs have not satisfactorily explained the undue delay in making the motion.

Rule 15(a) of the Rules of Civil Procedure declares that leave to amend "shall be freely given when justice so requires." Both parties agree that the applicable standard for applying this rule has been set forth in

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the district court
>  . . . .

This suit was filed on behalf of the North Dakota class on March 11, 1983. The preliminary injunction for the North Dakota class was fully briefed by the end of March and was argued on April 7, 1983. The preliminary injunction order was issued on May 5, 1983. A three-day trial of the merits and to determine appropriate permanent injunctive relief, if any began on September 20, 1983. Both parties are presently preparing post-trial briefs. Upon submission of these briefs, the Court was prepared to rule on the permanent injunction.

Although it would have been preferable for the Plaintiffs to make their request for expansion to national class status well before the trial on the merits, our primary concern now is whether the granting of the motion would create "undue prejudice to the opposing party." I have already mentioned to counsel that should the class be expanded another trial on the merits would have to be held. Moreover, each side would be allowed further discovery. Thus, any potential prejudice to the Defendants resulting from the granting of the Plaintiffs' motion is severely lessened if not eradicated.

In any event, the final consideration as to the granting of a national class action must be whether expansion of the class will enhance judicial economy and efficiency. Of course, the greatest advantage to a national class action in this case is the resolution of the legal issues on a national scale. *See Yamasaki,* 442 U.S. at 701, 99 S.Ct. at 2557. The plaintiffs have repeatedly asserted, and the defense has not denied, that the Department of Agriculture's policy is to accept a trial court's order as to the plaintiffs in that particular case, and to continue to apply its own interpretation of the law in all areas where it has not been specifically challenged. This policy, while perhaps proper as a tactical decision, invites numerous lawsuits, all of which must be funded by persons who are suffering financial hardship, else they would not bring the action.

Thus, I must balance the slight inefficiency that would result from expanding the state-wide class action at this time against the overall efficiency of resolving the issues on a national scale. The issues raised in the *Coleman* action are already before several courts. It is time to gather the remaining people into one action, consider the other courts' experiences and rulings in this matter, and resolve the issues, at least at the lower court level.[1] By doing this, both sides will have the option of appealing the ruling and gaining final resolution of the matter.

After taking into consideration all of the factors mentioned above, I conclude that the Plaintiffs' motion to expand the state-wide class to a national class should be granted *if it is properly before this Court.*

Defendants contend that the Plaintiffs' motion should be dismissed pursuant to Local Rule 5 because their supporting brief was not submitted within the five-day time period. Plaintiffs filed the motion in chambers on September 20, immediately before the start of the hearing on the merits. The Clerk's record shows that I advised counsel that I would await further briefing on the matter before ruling. No due date was given, mainly because the trial on the merits was expected to last for several days and the Court intended to request post-trial briefs. Therefore, Local Rule 5 does not apply to this particular motion.

---

1. *See* Judge Alsop's recent comment, "It seems unfortunate to this court that substantial amounts of time and taxpayer dollars are being expended to litigate and decide essentially duplicative lawsuits." *Gamradt v. Block,* 5–83 Civ. 158 at 7 (October 19, 1983).

After consideration of all of the file and records in this action, IT IS ORDERED

1) that Plaintiffs' motion to amend the complaint is GRANTED;

2) that this case is designated as a national class action and the class is certified as

"all persons who have obtained a farmer program loan from the Farmers Home Administration, and who are or may be eligible to obtain a farmer program loan from the Farmers Home Administration, and whose loans are or will be administered in the Farmers Home Administration offices located throughout the United States, but the national class does not include

a) borrowers who reside in states where a state-wide class action is requested (and not denied at a later time), or is already certified; or

b) borrowers who have presently filed actions that directly relate to the implementation of 7 U.S.C. § 1981a, the constitutionality of a pre-hearing cut-off of necessary family living and farm operating expenses, and the constitutionality of the Farmers Home Administration appeals procedure."

3) this Court presumes that all litigants who are presently before another court on the same issues have opted out; however, such litigants may request permission from their presiding court to enter the national class;

4) that Plaintiffs are required to move by November 7, 1983 for the inclusion of such additional defendants deemed necessary given the expanded nature of this suit; Plaintiffs shall attach to this motion a proposed method of serving these additional defendants the pleadings and order of temporary injunction; and

5) discovery in this action is stayed pending the conclusion of the status conference, unless the Court shall otherwise order for good cause shown.

IT IS FURTHER ORDERED that both parties show cause, if any they have,

1) whether the definition of the national class should be altered;

2) whether the preliminary injunction should be amended in any manner pending final decision; and

3) whether the hearing on the permanent injunction should not be held on January 9, 1984.

A status conference is set for the 21st of November, 1983, in Bismarck, North Dakota at 10:00 a.m., for the purpose of resolving problems inherent in the administration of this class action, such as control of discovery and resolution of trial problems. Each party to this action shall be represented at this conference by the attorney who shall conduct the trial for his or her party. The Court orders that counsel for the parties meet and confer in advance in an effort to present a suggested program for accomplishment of the steps necessary to frame and develop the issues and expeditiously make the case ready for trial. In the event that counsel are unable to agree upon a suggested program, or to the extent that they are in disagreement, counsel for each side shall present to the Court on November 14, 1983, an individual suggested plan. Any suggested program shall include

a) the names and locations of witnesses that may be called at the hearing on the merits;

b) an initial list of documents and other physical evidence and information that will be required at a later stage for discovery on the merits; and

c) a proposed plan and timetable for discovery that concludes by December 30, 1983, subject to modification for good cause.

## ON NATIONAL CLASS PRELIMINARY INJUNCTION

On May 5, 1983, I certified a class of North Dakota FmHA borrowers and granted a preliminary injunction as to that particular class. 562 F.Supp. 1353 (D.N.D. 1983). On September 20, Plaintiffs moved for leave to file an amended complaint that would expand the state-wide class to a national class. Plaintiffs later moved for a

preliminary injunction applicable to the proposed national class. Following a hearing on these matters, I granted Plaintiffs' motion of September 20 for leave to file an amended complaint and certified the following class:

> "all persons who have obtained a farmer program loan from the Farmers Home Administration, and who are or may be eligible to obtain a farmer program loan from the Farmers Home Administration, and whose loans are or will be administered in the Farmers Home Administration offices located throughout the United States, but the national class does not include
>> a) borrowers who reside in states where a state-wide class action is requested (and not denied at a later time), or is already certified; or
>> b) borrowers who have presently filed actions that directly relate to the implementation of 7 U.S.C. § 1981a, the constitutionality of a pre-hearing cutoff of necessary family living and farm operating expenses, and the constitutionality of the Farmers Home Administration appeals procedure."

[T]his Court presumes that *all litigants who* are presently before another court on the *same issues* have opted out; however, such litigants may request permission from their presiding court to enter the national class.

Order of October 28, 1983 at 708.

In order to ensure that Plaintiffs had the opportunity to bring into this suit all necessary defendants before granting a nationwide injunction, I also ordered

> that Plaintiffs are required to move by November 7, 1983 for the inclusion of such additional defendants deemed necessary given the expanded nature of this suit; Plaintiffs shall attach to this motion a proposed method of serving these additional defendants the pleadings and order of temporary injunction.

*Id.* at 708. Plaintiffs have advised the Court by letter that no additional defendants are deemed necessary to this action.[1]

In the last two weeks, Defendants have made no showing that the present preliminary injunction should be amended. *See* Order of October 28, 1983 at 708. Nor have Defendants responded to Plaintiffs' November 4th letter which asserts that the injunction, pursuant to Plaintiffs' motion of October 7, should have a nation-wide effect. I have received briefs from both parties on the issue and each party had the opportunity to present arguments to the Court at the previous hearing. Moreover, I am obliged to ensure that the Plaintiffs' apparent procedural rights, based on statutory and Constitutional provisions, are enforced until the Court makes a decision on the merits and a final determination of the contents of the permanent injunction.

Upon careful consideration of the file and record in this case, I find that the rationale contained in the order dated May 5, 1983, concerning the appropriateness of granting a state-wide preliminary injunction is equally applicable to the present national class. *See* 562 F.Supp. at 1359–67. Therefore, IT IS ORDERED

1. That the defendants, their agents, subordinates and employees are enjoined until further order of this court from terminating the living and operating allowance previously determined in the administration of any existing loan until the defendants shall give any plaintiff against whom defendants propose to proceed at least 30 days notice:

> A. That informs the borrower of his right to a hearing to contest the termination and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981a;
> B. That provides the borrower with a statement that gives the reasons for the proposed termination;
> C. That informs the borrower of the factors that determine eligibility for loan deferral; and

---

1. Plaintiffs' letter also contains various legal arguments. The raising of legal arguments is properly conducted by submission of motions and briefs. Therefore, Plaintiffs' letter of November 4, 1983 is accepted *only* for the purpose of advising the Court of Plaintiffs' intention not to add additional defendants to this action.

D. That informs the borrower of the official before whom the borrower may request a hearing. The official designated shall not have been actively involved in the initial decision of termination.

2. That if a hearing is held pursuant to section 1 above, the hearing officer shall present his decision in writing, giving his reasons therefore, which decision shall be furnished to the borrower.

3. That the defendants, their agents, subordinates, and employees, are enjoined until further order of this court from

(a) Accelerating the indebtedness of the plaintiffs,

(b) Foreclosing on the real property or chattels of the plaintiffs,

(c) Demanding voluntary conveyance by the plaintiffs, or

(d) Repossessing chattels of the plaintiffs or in any way proceeding against or depriving the plaintiffs of property in which the defendants have a security interest,

until defendants shall have given any plaintiffs against whom the defendants propose to proceed at least 30 days notice:

A. That informs the borrower of his right to a hearing to contest the proposed action and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981a;

B. That provides the borrower with a statement that gives the reasons for the proposed termination;

C. That informs the borrower of the factors that determine eligibility for loan deferral; and

D. That informs the borrower of the official before whom the borrower may request a hearing. The official designated shall not have been actively involved in the initial decision of termination.

4. That if a hearing is held pursuant to section 3 above, the hearing officer shall present his decision in writing, giving his

reasons therefore, which decision shall be furnished to the borrower.

5. Nothing in this order shall prevent the *bona fide* "graduation" of a plaintiff into traditional loan services pursuant to 7 C.F.R. § 1843.30 (1983).[2]

The bond normally required for the preliminary injunction is waived because of the indigency of the plaintiffs and because the security held by the FmHA is pledged in part to cover the costs of protecting the lien.

IT IS FURTHER ORDERED that defendants John R. Block and Charles W. Shuman are required to give notice upon their agents, subordinates, and employees who are charged with implementing FmHA loans, of the contents of this order.

2. *But see* 7 C.F.R. § 1980.147 (subpart B, farmer program loans, "no graduation requirement for guaranteed loans"), § 1980.290 (subpart C, "no 'graduation' requirement for [emergency livestock] loans"), and § 1980.589 (subpart F, economic emergency loans, "*no* 'graduation' requirement for guaranteed loans").