Dwight COLEMAN, Lester Crowsheart, Sharon Crowsheart, Russel Folmer, Anna Mae Folmer, George Hatfield, June Hatfield, Donald McCabe, Diane McCabe, Gary Barrett, Rosemary K. Barrett, Richard L. Harmon, Betty J. Harmon, Larry L. Robertson, Nancy K. Robertson, Ross Wade and Maureen Wade, on behalf of themselves and others similarly situated, Plaintiffs,

v.

John R. BLOCK, Secretary of Agriculture; Charles W. Shuman, Administrator of the Farmers Home Administration; Ralph W. Leet, State Director of the Farmers Home Administration; Harold T. Aasmundstad, Glen W. Binegar, Allen G. Drege, Dennis W. Larson, Odell O. Ottmar, and Joseph J. Schneider, as District Directors of the Farmers Home Administration for North Dakota; and Samuel Delvo, Lorace Hakanson, Larry Leier, Charles Schaefer and James Well, as County Supervisors of the Farmers Home Administration in North Dakota, Defendants.

Civ. No. A1–83–47.

United States District Court,
D. North Dakota,
Southwestern Division.

Nov. 14, 1983.

Sarah M. Vogel, Grand Forks, N.D., for plaintiffs.

Arthur R. Goldberg, Atty., Dept. of Justice, Civil Div., Washington, D.C., Gary Annear, Asst. U.S. Atty., Fargo, N.D., for defendants.

MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

On May 5, 1983, I certified a class of North Dakota FmHA borrowers and granted a preliminary injunction as to that particular class. 562 F.Supp. 1353 (D.N.D. 1983). On September 20, Plaintiffs moved for leave to file an amended complaint that would expand the state-wide class to a national class. Plaintiffs later moved for a preliminary injunction applicable to the proposed national class. Following a hearing on these matters, I granted Plaintiffs' motion of September 20 for leave to file an amended complaint and certified the following class:

"all persons who have obtained a farmer program loan from the Farmers Home Administration, and who are or may be eligible to obtain a farmer program loan from the Farmers Home Administration, and whose loans are or will be administered in the Farmers Home Administration offices located throughout the United States, but the national class does not include

a) borrowers who reside in states where a state-wide class action is requested (and not denied at a later time), or is already certified; or

b) borrowers who have presently filed actions that directly relate to the implementation of 7 U.S.C. § 1981a, the constitutionality of a pre-hearing cutoff of necessary family living and farm operating expenses, and the constitutionality of the Farmers Home Administration appeals procedure."

[T]his Court presumes that all litigants who are presently before another court on the same issues have opted out; however, such litigants may request permission from their presiding court to enter the national class.

Order of October 28, 1983 100 F.R.D. 705, 708.

In order to ensure that Plaintiffs had the opportunity to bring into this suit all necessary defendants before granting a nationwide injunction, I also ordered

that Plaintiffs are required to move by November 7, 1983 for the inclusion of such additional defendants deemed necessary given the expanded nature of this suit; Plaintiffs shall attach to this motion a proposed method of serving these additional defendants the pleadings and order of temporary injunction.

*Id.* at 708. Plaintiffs have advised the Court by letter that no additional defendants are deemed necessary to this action.[1]

In the last two weeks, Defendants have made no showing that the present preliminary injunction should be amended. *See* Order of October 28, 1983 at 708. Nor have Defendants responded to Plaintiffs' November 4th letter which asserts that the injunction, pursuant to Plaintiffs' motion of October 7, should have a nation-wide effect. I have received briefs from both parties on the issue and each party had the opportunity to present arguments to the Court at the previous hearing. Moreover, I am obliged to ensure that the Plaintiffs'

apparent procedural rights, based on statutory and Constitutional provisions, are enforced until the Court makes a decision on the merits and a final determination of the contents of the permanent injunction.

Upon careful consideration of the file and record in this case, I find that the rationale contained in the order dated May 5, 1983, concerning the appropriateness of granting a state-wide preliminary injunction is equally applicable to the present national class. *See* 562 F.Supp. at 1359–67. Therefore, IT IS ORDERED

1. That the defendants, their agents, subordinates and employees are enjoined until further order of this court from terminating the living and operating allowance previously determined in the administration of any existing loan until the defendants shall give any plaintiff against whom defendants propose to proceed at least 30 days notice:

A. That informs the borrower of his right to a hearing to contest the termination and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981a;

B. That provides the borrower with a statement that gives the reasons for the proposed termination;

C. That informs the borrower of the factors that determine eligibility for loan deferral; and

D. That informs the borrower of the official before whom the borrower may request a hearing. The official designated shall not have been actively involved in the initial decision of termination.

2. That if a hearing is held pursuant to section 1 above, the hearing officer shall present his decision in writing, giving his reasons therefore, which decision shall be furnished to the borrower.

3. That the defendants, their agents, subordinates, and employees, are enjoined until further order of this court from

---

1. Plaintiffs' letter also contains various legal arguments. The raising of legal arguments is properly conducted by submission of motions and briefs. Therefore, Plaintiffs' letter of No-

vember 4, 1983 is accepted *only* for the purpose of advising the Court of Plaintiffs' intention not to add additional defendants to this action.

(a) Accelerating the indebtedness of the plaintiffs,

(b) Foreclosing on the real property or chattels of the plaintiffs,

(c) Demanding voluntary conveyance by the plaintiffs, or

(d) Repossessing chattels of the plaintiffs or in any way proceeding against or depriving the plaintiffs of property in which the defendants have a security interest,

until defendants shall have given any plaintiffs against whom the defendants propose to proceed at least 30 days notice:

A. That informs the borrower of his right to a hearing to contest the proposed action and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981a;

B. That provides the borrower with a statement that gives the reasons for the proposed termination;

C. That informs the borrower of the factors that determine eligibility for loan deferral; and

D. That informs the borrower of the official before whom the borrower may request a hearing. The official designated shall not have been actively involved in the initial decision of termination.

4. That if a hearing is held pursuant to section 3 above, the hearing officer shall present his decision in writing, giving his reasons therefore, which decision shall be furnished to the borrower.

5. Nothing in this order shall prevent the *bona fide* "graduation" of a plaintiff into traditional loan services pursuant to 7 C.F.R. § 1843.30 (1983).[2]

The bond normally required for the preliminary injunction is waived because of the indigency of the plaintiffs and because the security held by the FmHA is pledged in part to cover the costs of protecting the lien.

IT IS FURTHER ORDERED that defendants John R. Block and Charles W. Shuman are required to give notice upon their agents, subordinates, and employees who are charged with implementing FmHA loans, of the contents of this order.

---

2. *But see* 7 C.F.R. § 1980.147 (subpart B, farmer program loans, "no graduation requirement for guaranteed loans"), § 1980.290 (subpart C, "no 'graduation' requirement for [emergency livestock] loans"), and § 1980.589 (subpart F, economic emergency loans, *"no* 'graduation' requirement for guaranteed loans").