504

UNITED STATES of America, Plaintiff,

v.

Glen H. TILLEY; Grace E. Tilley; Gladys E. Tilley aka Gladys E. McKheen; Gladys E. McKheen; Garrett D. Willard and Barbara A. Willard, husband and wife; American Quasar Petroleum Co. of New Mexico; Virginia I. Tilley aka Virginia Moore; Credit Service Company; Atlas Credit Recovery Inc.; Marion County, Oregon; Mobil Oil Corp., Defendants.

Civ. No. 85–475–FR.

United States District Court,
D. Oregon.

Dec. 4, 1986.

Charles Turner, U.S. Atty., Arno Reifenberg, Sp. Asst. U.S. Atty., Portland, Or., for plaintiff.

William D. Brandt, Ferder, Ogdahl & Brandt, Salem, Or., for defendants Glen Tilley.

Robert C. Cannon, Marion County Legal Counsel, Michael J. Hansen, Asst. Legal Counsel, Salem, Or., for defendant Marion County.

OPINION AND ORDER

FRYE, District Judge:

The matters before the court are:

1. plaintiff United States of America's (the government) motion for summary judgment on which it seeks foreclosure of three real estate mortgages it holds on the property of defendants Glen and Grace Tilley; and

2. defendant Glen Tilley's cross motion for summary judgment in which he seeks

to preclude the foreclosure of the mortgages.

Defendant Grace Tilley has been properly served but has failed to respond to the government's motion for summary judgment.

## UNDISPUTED FACTS

The Tilleys received a loan from the Farmers Home Administration of the United States Department of Agriculture (FmHA) in 1968. The Tilleys gave to FmHA a promissory note secured by a real estate mortgage. Thereafter Glen Tilley received four more loans from the FmHA which were evidenced by promissory notes and secured by two real estate mortgages recorded in 1979 and 1980. Gladys Tilley joined in the execution of two of the mortgages.

In 1982 the Tilleys became delinquent on the FmHA loans. FmHA declared the loans immediately due and payable. However, as a result of the court's injunction and order in *Coleman v. Block* 580 F.Supp. 192, 194 (D.C.N.D.1984), the FmHA reversed its decision to foreclose on the mortgages immediately. Instead, the FmHA sent the Tilleys a notice of the FmHA's proposed action and the various servicing options available.

Glen Tilley requested servicing actions but did not follow through with his required appointments. Grace Tilley did not respond. As a result, FmHA declared the loans immediately due and payable.

Glen Tilley owes FmHA $259,956.09 in principal and $110,162.14 in interest computed to August 11, 1986, and daily interest accruing thereafter. Grace Tilley owes $1,486.64 in principal and $420.67 in interest computed to August 11, 1986 and daily interest accruing thereafter.

## APPLICABLE STANDARD

In a motion for summary judgment the moving party is entitled to judgment on a claim where, when the evidence is considered in the light most favorable to the non-moving party, there is no genuine issue of fact and the party is entitled to prevail as a matter of law. *Bell v. Cameron Meadows Land Company*, 669 F.2d 1278, 1280 (9th Cir.1982).

## ANALYSIS AND RULING

The government contends that as a matter of law this court can grant summary judgment in its favor because:

1. Glen Tilley's due process claim is precluded by collateral estoppel; and

2. Glen Tilley has failed to exhaust his administrative remedies.

Glen Tilley contends that, as a matter of law, this court can grant summary judgment in his favor because the government has not afforded him adequate substantive and procedural due process in its foreclosure action. In addition, he argues that the government did not follow the procedural requirements as set forth in a court order in *Coleman v. Block*, 580 F.Supp. 192 (D.C.N.D.1984).

### FmHA's Due Process Requirements

Tilley argues that his constitutional rights were violated because he was not provided with a meaningful hearing procedure. He claims that he did not understand the notice, and the notice gave him no realistic hope for relief. Instead, Tilley argues, the notice contained requirements for him to meet prior to his having an opportunity for a hearing.

The government contends that Tilley should be precluded from asserting a due process claim because he is a member of a class for which the same issue has been decided.

The court must determine whether Tilley should be allowed to assert a due process claim. In *Coleman*, the court certified a class as follows:

> All persons who have obtained a farmer program loan from the Farmers Home Administration, and who are or may be eligible to obtain a farmer program loan from the Farmers Home Administration, and whose loans are or will be adminis-

tered in the [FmHA] offices located throughout the United States.

*Id.* at 192–193.

This court finds that *Coleman* provides the proper guidance for this court in this case. Further, the court finds that the Tilleys are members of the class in *Coleman.* In *Coleman,* the court found that in order for the accelerated foreclosure procedure of the FmHA to meet due process requirements, FmHA had to provide the borrower against whom FmHA wished to proceed at least 30 days' notice of the following:

1. the borrower's right to a hearing to contest the proposed action and to establish eligibility for loan deferral pursuant to 7 U.S.C. § 1981(a);

2. a statement that gives the borrower the FmHA's reasons for the proposed termination;

3. the factors that determine eligibility for loan deferral; and

4. an unbiased official before whom the borrower may request a hearing. *Id.* at 194.

The court in *Coleman* concluded that if the FmHA followed this procedure, it would satisfy constitutional requirements of due process. *Id.* at 208.

This court concludes that the Tilleys, as members of the class in *Coleman,* are precluded from relitigating this issue.

*Exhaustion of Administrative Remedies*

Glen Tilley contends that the government failed to meet the court order in *Coleman* because the government's notice did not include the name of the hearing officer; the notice was confusing; and the notice dissuaded borrowers from attending hearings.

The government argues that, although the notice did not state the specific name of the hearing officer, the notice informed Tilley that his case would be heard by an impartial person with decision-making authority. The government also points out that Tilley made two appointments to discuss his case, both of which he missed.

In *Coleman,* the court set out very specific procedures for the FmHA to follow. The agency then issued directives to its field staff pursuant to the *Coleman* order. Fed.Reg.Vol. 49, No. 2, January 4, 1984, 470. There is no evidence in this record that the FmHA failed to comply with the procedures required of it. The undisputed facts indicate that Tilley received the notice, elected to apply for a loan deferral, made two appointments that he missed, and failed to supply the FmHA with the necessary documents and information needed to complete the loan deferral.

This court finds that Tilley has failed to exhaust the administrative remedies available to him.

## CONCLUSION

The government moves this court to enter judgment in its favor to allow foreclosure of three real estate mortgages against Glen and Grace Tilley. The court will grant the motion. Since Glen Tilley has failed to produce evidence that he is entitled to relitigate the due process claims litigated in *Coleman,* and since he has failed to produce evidence that the government did not comply with the dictates of Coleman, Tilley's cross-motion for summary judgment is denied.

IT IS HEREBY ORDERED that

1. plaintiff's motion for summary judgment to foreclose three real estate mortgages is GRANTED as to Glen Tilley and as to Grace Tilley;

2. defendant Glen Tilley's motion for summary judgment is DENIED; and

3. the government shall prepare the documents necessary to dispose of this case.