884 F.2d 1103
 Michael F. HARTMAN, Appellee,
Dwight Coleman, Lester Crowsheart, Sharon Crowsheart,
Russell Folmer, Anna Mae Folmer, George Hatfield, June
Hatfield, Donna McCabe, Diane McCabe, on behalf of
themselves and others similarly situated; Gary A. Barrett,
Rosemary K. Barrett, Richard L. Harmon, Betty J. Harmon,
Larry L. Robertson, Nancy K. Robertson, Ross Wade and Maureen Wade,
v.
Richard E. LYNG, Secretary of Agriculture, Charles W.
Shuman, Administrator of the Farmers Home Administration,
Ralph W. Leet, State Director of the Farmers Home
Administration, Harold T. Aasmundstad, Glen W. Binegar,
Allen G. Drege, Dennis W. Larson, Odell O. Ottmar and Joseph
J. Schneider, as District Directors of the Farmers Home
Administration of North Dakota, and Samuel Delvo, Lorace
Hakanson, Larry Leier, Charles Schaefer and James Well, as
County Supervisors of the Farmers Home Administration in
North Dakota, Appellants.
Michael F. HARTMAN, Appellant,
Dwight Coleman, Lester Crowsheart, Sharon Crowsheart,
Russell Folmer, Anna Mae Folmer, George Hatfield, June
Hatfield, Donna McCabe, Diane McCabe, on behalf of
themselves and others similarly situated; Gary A. Barrett,
Rosemary K. Barrett, Richard L. Harmon, Betty J. Harmon,
Larry L. Robertson, Nancy K. Robertson, Ross Wade and Maureen Wade,
v.
Richard E. LYNG, Secretary of Agriculture, Charles W.
Shuman, Administrator of the Farmers Home Administration,
Ralph W. Leet, State Director of the Farmers Home
Administration, Harold T. Aasmundstad, Glen W. Binegar,
Allen G. Drege, Dennis W. Larson, Odell O. Ottmar and Joseph
J. Schneider, as District Directors of the Farmers Home
Administration of North Dakota, and Samuel Delvo, Lorace
Hakanson, Larry Leier, Charles Schaefer and James Well, as
County Supervisors of the Farmers Home Administration in
North Dakota, Appellees.
 Nos. 87-5387, 87-5497.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 11, 1989.
Decided Sept. 11, 1989.
 
 Robert K. Rasmussen, Washington, D.C., for appellants.
 Steve Alexander, Fayetteville, Ark., for appellees.
 Before WOLLMAN and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.
 MAGILL, Circuit Judge.
 
 
 1
 This case is before us on cross-appeals taken from a final judgment of the district court[1] holding two employees of the Farmers Home Administration (FmHA) in civil contempt for violating a preliminary injunction, and declining to award damages or fees. We affirm.
 
 I.
 
 2
 This contempt proceeding was ancillary to Coleman v. Block, a nationwide class action of farmers who had or were eligible for farmer program loans from the FmHA. In Coleman, plaintiffs alleged that the FmHA's loan liquidation foreclosure procedures contravened the provisions of 7 U.S.C. Sec. 1981a and violated plaintiffs' constitutional due process rights. The district court certified a statewide class of North Dakota farmers and granted preliminary relief. Coleman v. Block, 562 F.Supp. 1353 (D.N.D.1983). The court later granted plaintiffs' motion to expand the class nationwide, Coleman v. Block, 100 F.R.D. 705 (D.N.D.1983) and extended preliminary relief to the nationwide class. Coleman v. Block, 580 F.Supp. 192 (D.N.D.1983). The district court's preliminary injunction, among other things, precluded the FmHA from demanding that a farmer make a "voluntary conveyance" of his property unless it first gave the farmer notice of options available through the FmHA loan deferral program. Coleman v. Block, 580 F.Supp. 192 (D.N.D.1983).[2]
 
 
 3
 Hartman, an Illinois farmer, brought a motion for contempt against the Secretary of Agriculture, the FmHA, and five FmHA officials, alleging that a demand for voluntary conveyance had been made of him without notification of his available refinancing options. Hartman alleged that the FmHA county supervisor told him in January 1984 that, unless he voluntarily liquidated his farm property, the FmHA would force foreclosure. Hartman sought to "maintain the status quo" with respect to his property (which, at the time he brought the motion was the subject of a suit for specific performance in Illinois state court brought by the third party to whom he had sold the property), and asked for restitution for damages resulting from the FmHA's failure to notify him of his rights.
 
 
 4
 The district court declared Charles Shuman, FmHA Administrator, and Leland Wright, FmHA County Supervisor, in contempt of court, finding that the contempt "consists of Mr. Shuman's mistaken interpretation of the terms of the injunction and Mr. Wright's resultant making of the demand" that Hartman convey his property to a third party. Coleman v. Block, District Court Memorandum and Order of June 23, 1987. The court concluded that in giving Hartman the limited options of selling his land or facing foreclosure, Wright's actions constituted a demand, and that Wright should have given Hartman the additional option of applying for deferral relief under section 1981a. The court rejected the FmHA's contention that "voluntary conveyance" was a term of art in the FmHA parlance applicable only to a debtor's direct conveyance to the FmHA and not to a conveyance to third parties.
 
 
 5
 The district court also found that Hartman "failed to carry his burden of proving damages at the threshold issue of causation." Id. The court found that Hartman had offered significant portions of his land for sale before he met with Wright in January 1984, and that Hartman had failed to take advantage of existing opportunities to reclaim his land. Noting that all the damages claims sprang from the allegation that Wright's demand caused Hartman to sell his farm, the court found that the record did not establish that Hartman offered the land for sale because of the demand. The court also denied Hartman's motion for costs and fees pursuant to 28 U.S.C. Sec. 2412.
 
 II.
 
 6
 The FmHA urges us to vacate the contempt citation, arguing that neither of the purposes of civil contempt--compliance or compensation--would be served by upholding it. The FmHA argues that, should we reach the merits of the judicial finding of contempt, as a matter of law the district court erred in concluding that the injunction prohibited the FmHA from demanding voluntary conveyance to "third parties." The FmHA also opposes Hartman's request for attorney's fees.
 
 
 7
 Hartman, of course, asks for affirmance of the district court's exercise of discretion in granting the contempt motion. On cross-appeal, Hartman charges error in the district court's finding on his failure to prove damages and in declining to award attorney's fees, and seeks remand for an award of both damages and fees.
 
 A. Contempt
 
 8
 It is well settled that the court's civil contempt power serves two purposes: to effectuate compliance with a court's order or process; and to compensate individuals from harm incurred by noncompliance. United States v. United Mine Workers of America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 701-02, 91 L.Ed. 884 (1947). Because the contempt power is a substantial one, it should be used sparingly and not be lightly invoked. In re Attorney General of the United States, 596 F.2d 58, 65 (2d Cir.1979). The court's discretion in fashioning an appropriate remedy for contempt includes the power to "grant the relief that is necessary to effect compliance with its decree. The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." McComb v. Jacksonville Paper Company, 336 U.S. 187, 193, 69 S.Ct. 497, 500, 93 L.Ed. 599 (1949). "[A] compensatory sanction is not imposed to vindicate the court's authority or to punish the contemnor, but rather serves to make reparation to the injured party, restoring that party to the position it would have held had the court's order been obeyed." In the Matter of the Grand Jury Subpoena of June 12, 1986, 690 F.Supp. 1451, 1453 (D.Md.1988) (citations omitted).
 
 
 9
 Since the issuance of the contempt citation, the preliminary injunction was supplanted by a permanent injunction. Now the litigation itself has ended: the last of the class plaintiffs' claims were mooted with the passage of the Agricultural Credit Act of 1987, Pub.L.No. 100-233, 101 Stat. 1568. Coleman v. Block, 864 F.2d 604 (8th Cir.1988). Thus, further compliance with the preliminary injunction underlying the contempt proceeding is no longer at issue. In reviewing the contempt holding by an abuse of discretion standard, however, we look to the propriety of the citation at the time it was entered. Cf. Squillacote v. Local 248, Meat & Allied Food Workers, 534 F.2d 735, 748 (7th Cir.1976). When the district court reviewed the conduct complained of in light of the language of the injunction and its inclusive remedial scheme, there was a sufficient basis supporting the entry of the contempt citation.
 
 B. Damages
 
 10
 The district court's finding with respect to damages is reversible only if clear error. The district court found that Hartman did not offer his land for sale because of Wright's demand that Hartman sell or face foreclosure. We find no error in the district court's conclusion that Hartman failed to establish by a preponderance of the evidence that the FmHA's violation of the injunction caused the sale of his farm. As the complained of conduct caused no damages, "there is wanting the foundation appropriate to allow a civil recovery." Lord v. Kelley, 240 F.Supp. 167, 171 (D.Mass.1965). Nonetheless, because the FmHA had a duty to comply with the injunction "independently of whatever benefit such compliance would or did confer on plaintiffs," the contempt finding stands on a clear and convincing showing that defendants committed civil contempt. Hecht v. Don Mowry Flexo Parts, Inc., 111 F.R.D. 6, 14 (N.D.Ill.1986); United States v. Professional Air Traffic Controllers, 678 F.2d 1, 4-5 (1st Cir.1982) (vacating fine as improperly imposed, but "bare finding of civil contempt may stand").[3]
 
 C. Attorney's Fees
 
 11
 Hartman's petition for contempt requested, among other things, compensation for reasonable attorney's fees and costs incurred in enforcement of the injunction. In the proceedings before the district court after the contempt citation was entered, Hartman sought attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412. On appeal, Hartman contends the district court erred in declining to award fees under either 28 U.S.C. Sec. 2412(b) or (d).
 
 
 12
 Under section 2412(b), the court "may" award attorney's fees against the United States "to the same extent that any other party would be liable under the common law or the terms of any statute which specifically provides for such an award." 28 U.S.C. Sec. 2412(b). Hartman contends that under section 2412(b), he is entitled to fees under the judicially established exception to the "American Rule" permitting an award of fees in a contempt action.
 
 
 13
 A remedial award of attorney's fees and costs is committed to the sound discretion of the district court. Little Rock School Dist. v. Pulaski Co. Special School Dist. No. 1, 839 F.2d 1296, 1312 (8th Cir.1988). Reimbursement may include expenses reasonably incurred in the prosecution of the contempt proceeding. United States v. Rue, 819 F.2d 1488, 1495 (8th Cir.1987). Although willfulness is not necessarily a prerequisite to an award of fees, see, e.g., CFTC v. PREMEX, Inc., 655 F.2d 779, 785 n. 11 (7th Cir.1981), it may properly be considered in deciding whether to tax costs and attorney's fees in an action to enforce compliance with an injunction. See Little Rock School Dist., supra (affirming denial of fees for "technical violation" of injunction). Having found that defendants were simply mistaken in their interpretation of the injunction and in demanding that Hartman convey his property to a third party, the district court did not abuse its discretion in declining to reimburse Hartman's attorney's fees in the contempt action.
 
 
 14
 Under section 2412(d), a prevailing party shall be awarded fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A). The denial of an award of fees under the EAJA is not to be disturbed on appeal unless it constitutes an abuse of discretion. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986). The district court found that the FmHA's position in opposing the contempt motion and the claim for restitution was substantially justified. The FmHA prevailed on its claim that Hartman suffered no damages caused by its action and, even though the FmHA's defense of its interpretation of the injunction was rejected by the district court, we agree with the district court that the FmHA's position in the contempt action was reasonably based in both fact and law. The district court did not abuse its discretion in determining that the government's position was substantially justified and in denying fees under section 2412(d).
 
 III. CONCLUSION
 
 15
 For the foregoing reasons, we affirm the district court order holding Shuman and Wright in contempt and declining to award damages, costs or fees.
 
 
 
 *
 The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota
 
 
 [2]
 The court ordered, among other things:
 That the defendants, their agents, subordinates, and employees, are enjoined from:
 --Accelerating the indebtedness of the plaintiffs,
 --Foreclosing on the real property or chattels of the plaintiffs,
 --Demanding voluntary conveyance by the plaintiffs, or
 --Repossessing chattels of the plaintiffs or in any way proceeding against or depriving the plaintiffs of property in which the defendants have a security interest,
 unless:
 
 
 [1]
 defendants shall give any plaintiffs against whom the defendants propose to proceed at least 30 days notice:
 a. That informs the borrower of his right to a hearing to contest the proposed action and to establish eligibility for loan deferral pursuant to 7 U.S.C. Sec. 1981a;
 b. That provides the borrower with a statement that gives the reasons for the proposed action;
 c. That informs the borrower of the factors that determine eligibility for loan deferral;
 d. That informs the borrower of the official who would preside at the hearing. The official designated shall not have been actively involved in the initial decision to take the proposed action.
 Coleman v. Block, 580 F.Supp. at 211.
 
 
 [3]
 The government further urges that the civil contempt sanction is inapplicable to this case because the United States' sovereign immunity precludes an award of compensatory damages. In brief, the government argues that because Hartman has no basis for an independent tort claim for compensation against the government, sovereign immunity precludes an award of compensation through civil contempt. Hartman cites Nelson v. Steiner, 279 F.2d 944 (7th Cir.1960), where the circuit court upheld the district court's sanction against employees and officials of the United States by an award of money damages. However, we need not, and therefore do not, rule on the sovereign immunity issue, given our conclusion that the district court did not err in declining to award damages