**Douglas KLETT, Appellant,**

v.

**Robert PIM; John Humphrey; J. Dennis Roach; United States of America, Appellees.**

No. 91–2077.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided May 20, 1992.

Rehearing Denied July 14, 1992.

Wallace L. Taylor, Cedar Rapids, Iowa, for appellant.

Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, for appellees.

Before ARNOLD, Chief Judge, MAGILL, Circuit Judge, and LARSON,* Senior District Judge.

MAGILL, Circuit Judge.

Douglas Klett appeals the dismissal of his complaint by the district court.[1] Klett filed an action against various agents and employees of the Farmers Home Administration (FmHA) claiming that they negligently forced him out of farming by refusing an operating loan and refusing to release a grain elevator check, entitling him to damages pursuant to 28 U.S.C. §§ 1346(b) and 2674 of the Federal Tort Claims Act (FTCA). Klett also claimed that defendants' acts and omissions violated the nationwide injunction issued in *Coleman v. Block*, 580 F.Supp. 192 (D.N.D. 1983), thereby entitling him to damages for civil contempt. The district court granted defendants' motion to dismiss Klett's complaint, and we now affirm.

---

* THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

## I.

We forego the usual recitation of facts for two reasons. First, they are unnecessary to the resolution of the issues in this case. Second, the district court dismissed Klett's first claim for failure to state a claim and his second claim for lack of jurisdiction. These are strictly legal questions and the court did not make any factual findings in order to resolve them.

### A. Negligence Claim

Klett contends that the district court erred by dismissing his claim that defendants negligently performed their statutory and regulatory duties when they refused to grant him a 1984 operating loan and demanded that he make a voluntary conveyance of farm machinery in which the FmHA held a security interest. He argues that this negligence entitles him to damages pursuant to 28 U.S.C. §§ 1346(b) and 2674 of the FTCA.[2] The district court dismissed this claim for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Klett v. Pim*, No. 89–0399–A (S.D.Iowa Apr. 8, 1991).

We review a dismissal for failure to state a claim *de novo*. *Harpole v. Arkansas Dep't of Human Serv.*, 820 F.2d 923, 925 (8th Cir.1987). A complaint should not be dismissed unless it appears beyond a doubt that plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *United States v. Aceto Agric. Chem. Corp.*, 872 F.2d 1373, 1376 (8th Cir.1989). The complaint must reveal an insuperable bar to relief on its face to warrant a Rule 12(b)(6) dismissal. *Id.*

■ The violation of a federal statute or administrative regulation by an agency of the United States does not, standing alone, create a cause of action under the FTCA. *See Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Younger v. United States*, 662 F.2d 580, 582 (9th Cir.1981); *Gelley v. Astra Pharmaceutical Prod., Inc.*, 610 F.2d 558, 562 (8th Cir. 1979). "[F]ederally imposed obligations, whether general or specific, are irrelevant to our inquiry under the FTCA, unless state law imposes a similar obligation upon private persons." *Gelley*, 610 F.2d at 562; *see also* 28 U.S.C. § 1346(b).

■ The district court found that Iowa state law does not impose a duty similar to those Klett asserts were violated.[3] Klett has not cited any Iowa law that would create a cause of action in this case.[4] We have reviewed Iowa law, and have not found any basis for a state cause of action here. Therefore, we affirm the district

---

**2.** Section 1346(b) states, in relevant part:

(b) Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (1988).

Section 2674 states, in relevant part:

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances....

28 U.S.C. § 2674 (1988).

**3.** Neither party stated in their briefs exactly what statutes and regulations Klett claims were violated. After searching the record, we find that Klett claims violations of 7 U.S.C. § 1981a and various regulations issued under 7 U.S.C. § 1989 of the Consolidated Farm and Rural Development Act.

**4.** Klett claims that Iowa law makes the violation of a statute or regulation negligence per se. We think this is a misinterpretation of Iowa law. The cases Klett cites do not support his proposition. In *Peterson v. Taylor*, 316 N.W.2d 869 (Iowa 1982), the plaintiff argued that the defendants violated a state law and that this was negligence per se. The court found that, assuming *arguendo* that the violation was negligence per se, there was no proximate cause. *Id.* at 876. The court did *not* say that a violation of a statute is always, or ever, negligence per se. In *Robeson v. Dilts*, 170 N.W.2d 408 (Iowa 1969), the court relied on previous case law to find that violation of a statute prohibiting a driver from crossing the center line of a highway under certain circumstances was negligence per se. *Id.* at 411. This finding, however, was directed only to that particular statute, not statutes in general. Therefore, we find that there is no general cause of action under Iowa law for violating a statute or regulation.

court's dismissal of this claim.[5]

### B. Contempt of *Coleman* Injunction

Klett argues that the district court erred in dismissing his claim that defendants violated the nationwide injunction issued by a North Dakota federal district court in *Coleman v. Block*, 580 F.Supp. 192 (D.N.D. 1983). He claims that he is entitled to damages for civil contempt as a result of defendants' violation of this injunction. The district court held that, because the passage of the Agricultural Credit Act of 1987 mooted the *Coleman* injunction, *see Coleman v. Lyng*, 864 F.2d 604, 612 (8th Cir.1988), Klett could no longer enforce it. The court thus dismissed the claim for lack of jurisdiction. We hold that the dismissal was proper because the district court did not have subject matter jurisdiction to hear this case.

■ The district court's holding that Klett could not enforce the injunction because it was no longer in effect was erroneous. There are two kinds of civil contempt penalties a court can impose.[6] *See, e.g., In re Tetracycline Cases*, 927 F.2d 411, 413 (8th Cir.1991); *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir.1989). The first is a coercive penalty, such as a fine or jailing, designed to force the offending party to comply with the court's order. The offending party has the power to end the sanction by purging themselves of contempt, i.e., complying with the order. *See, e.g., In re Murphy*, 560 F.2d 326 (8th Cir.1977). A court cannot impose a coercive civil contempt sanction if the underlying injunction is no longer in effect. *See Shillitani v. United States*, 384 U.S. 364, 370, 371, 86 S.Ct. 1531, 1535, 1536, 16 L.Ed.2d 622 (1966); *F.T.C. v. Stroiman*, 428 F.2d 808 (8th Cir.1970).

■ The second kind of civil contempt is compensatory. Here, the non-offending party is compensated for the damage they

incur as a result of the offending party's contempt. *See, e.g., McBride v. Coleman*, 955 F.2d 571, 577 (8th Cir.1992); *Hartman*, 884 F.2d at 1106. Compensatory civil contempt does not survive if the underlying injunction is vacated because it was issued erroneously. "The right to remedial relief falls with an injunction which events prove was erroneously issued, and *a fortiori* when the injunction or restraining order was beyond the jurisdiction of the court." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 295, 67 S.Ct. 677, 697, 91 L.Ed. 884 (1947) (citations omitted). If the underlying injunction abates for a reason that does not go to the jurisdiction of the issuing court, however, a compensatory civil contempt may still be brought. *See Backo v. Local 281, United Bhd. of Carpenters & Joiners of Am.*, 438 F.2d 176, 182 (2d Cir.1970), *cert. denied*, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971); *Parker v. United States*, 135 F.2d 54 (1st Cir.), *cert. denied*, 320 U.S. 737, 64 S.Ct. 35, 88 L.Ed. 436 (1943); *People's Hous. Dev. Corp. v. Poughkeepsie*, 425 F.Supp. 482, 495 (S.D.N.Y.1976); *Hadnott v. Amos*, 325 F.Supp. 777 (M.D.Ala.1971).

■ In this case, the underlying injunction became moot when Congress passed the injunction's provisions into law as the Agricultural Credit Act of 1987. *See Coleman v. Lyng*, 864 F.2d 604, 612 (8th Cir. 1988). The fact that it became moot after that Act was passed does not affect its validity prior to the Act's passage. All the acts and omissions of which Klett complains took place before the injunction became moot. Because a compensatory civil contempt action is proper under these circumstances, the district court erred in dismissing Klett's complaint as moot.

■ We affirm the dismissal, however, because the district court does not have subject matter jurisdiction over this claim. The power of contempt possessed by feder-

---

5. The district court also found that the acts and omissions of which Klett complained fell under the discretionary function exception of the FTCA. 28 U.S.C. § 2680(a). Because we find that there is no state cause of action, we do not need to reach this issue.

6. We do not address criminal contempt here because it is neither necessary nor helpful to our analysis. The law of criminal contempt, however, is significantly better developed than the law of compensatory civil contempt.

al courts is defined by statute. "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of *its* authority, *and none other,* as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (1988) (emphasis added). The plain meaning of this statute prevents a federal court from imposing a sanction for contempt of another court's injunction. *See also Stiller v. Hardman,* 324 F.2d 626 (2d Cir.1963) (Ohio judgment nominally registrable in New York district courts, but injunctive portion not enforceable); *Sullivan v. United States,* 4 F.2d 100 (8th Cir.1925) (court that issues injunction is court against which contempt is committed and which has jurisdiction to issue sanction). Thus, this claim could only be brought in the court that issued the original injunction. *See Coleman v. Block,* 580 F.Supp. 192 (D.N.D.1983). The claim is therefore dismissed for lack of subject matter jurisdiction.[7]

## II.

We affirm the district court's dismissal of Klett's claim under the FTCA for failure to state a claim and the dismissal of his claim under the *Coleman* injunction for lack of subject matter jurisdiction.

---

7. At oral argument, Klett argued that if the Iowa district court does not have jurisdiction, the claim should be remanded for transfer to the appropriate court. We do not remand for consideration of this suggestion because a court without subject matter jurisdiction cannot transfer a case to another court. *See Atlantic Ship Rigging Co. v. McLellan,* 288 F.2d 589 (3d Cir. 1961); *First Nat'l Bank v. United Air Lines, Inc.,* 190 F.2d 493, 496 (7th Cir.1951) (per curiam), *rev'd on other grounds,* 342 U.S. 396, 72 S.Ct. 421, 96 L.Ed. 441 (1952); *United States v. Bero Constr. Co.,* 148 F.Supp. 295 (S.D.N.Y.1957); *see generally* C.P. Jhong, *Construction and Application of Federal Statute (28 U.S.C. § 1406) Providing for Dismissal or Transfer of Cases for Improper Venue,* 3 A.L.R. Fed. 467 (1970 & Supp. 1991).