**UNITED STATES of America, Plaintiff,**

v.

**GOLDEN ELEVATOR, INC., Defendant.**

**No. 93–3193.**

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 30, 1994.

James A. Lewis, Asst. U.S. Atty., Springfield, IL, for plaintiff.

Jerold W. Barringer, Nokomis, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge:

The Government sues to collect a debt.

This is a cause of action to collect on a promissory note held by the Small Business Administration (SBA). On August 14, 1980, Golden Elevator, Inc., through its President, Robert H. Leenerts, executed a promissory note and security agreement with Farmers State Bank. On that same day, Robert H. Leenerts and Debra J. Leenerts agreed to personally guarantee the loan. Over five years later, on October 11, 1985, Farmers State Bank executed an assignment with the SBA.

Sometime prior to the assignment, Golden Elevator began having difficulty making payments on the loan. As a result, in July of 1992, the Government filed suit to collect on the guaranties and to foreclose on the mortgage. Case No. 92–3172. The Government, however, failed to timely prosecute the case and it was dismissed with prejudice. *See United States v. Golden Elevator, Inc.,* 27 F.3d 301 (7th Cir.1994).

Thereafter, on August 3, 1993, the SBA, pursuant to the terms of the note, sent notice to Robert Leenerts that it was accelerating the loan. Fifteen days later, on August 17, 1993, the Government filed a second suit to foreclose on the mortgage. Defendants Golden Elevator and Robert and Debra Leenerts then filed a motion to dismiss. In response, the Government filed a motion to amend the Complaint. The motion was al-

lowed and the Complaint was amended to assert a cause of action against only Golden Elevator to collect on the promissory note with all other claims and defendants being dropped. After the Complaint was amended, Golden Elevator filed a new motion to dismiss asserting that the Government had failed to plead a cause of action upon which relief could be granted.

Golden Elevator's motion to dismiss was denied. This Court held that under Illinois law the contract action on the note was separate and distinct from the claims that were dismissed for failure to prosecute and that the dismissal for failure to prosecute did not preclude bringing the contract action. After the motion to dismiss was denied, Golden Elevator answered the Amended Complaint raising six affirmative defenses.

On October 20, 1994, the Government moved for summary judgment contending that Defendant had admitted most of the allegations in the Amended Complaint and that no genuine issues of material fact remain. Additionally, the Government asserts that Golden Elevator's affirmative defenses are deficient as a matter of law.

In response, Golden Elevator contends that three asserted affirmative defenses preclude summary judgment. Specifically, Defendant contends that because the Government failed to provide notice and grant administrative rights, failed to plead the Federal Debt Collection Procedures Act, and failed to plead a cause of action upon which relief can be granted, summary judgment should be denied.

### I. Summary Judgment

Summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477

U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983).

### II. Analysis

The Government has put forth uncontroverted evidence that the Defendant made, executed and delivered a written promissory note on August 14, 1980, for $315,000.00, to Farmers State Bank of Camp Point. It is also not in dispute that the SBA is the present owner and holder of said note with assignment occurring on October 11, 1985. Additionally, Defendant's agents have admitted that Defendant defaulted on payments due under the note and that the note matured with a balance due and owing. Finally, the evidence shows that the Government made a written demand for payment on the note on August 3, 1993. Thus, the Government has demonstrated the elements necessary for relief. *See* Fed.R.Civ.P. Official Form 3.

### A. Administrative Remedies

Defendant claims Plaintiff is not entitled to summary judgment because three affirmative defenses preclude relief. First, Defendant argues that summary judgment is not warranted because the Government failed to provide "notice of, or the opportunity to apply for administrative remedies prior to the initiation of the foreclosure." (Def.'s Resp. p. 2). In support, Defendant cites *Coleman v. Block,* 580 F.Supp. 192 (D.N.D.1983).

In *Coleman,* the court held that the Farmers Home Administration could not act to liquidate a mortgage without first providing notice and a chance to be heard. *Id.* at 208. The holding in *Coleman* and similar Farmers Home Administration cases, howev-

er, has never been extended to SBA procedures. *See United States v. Don B. Hart Equity Pure Trust,* 818 F.2d 1246 (5th Cir. 1987). Moreover, the acceleration language in the form contract signed by Robert Leenerts, as President of Golden Elevator, has been upheld as binding by numerous courts. *See e.g., Bernie's Custom Coach of Texas, Inc. v. Small Business Administration,* 987 F.2d 1195 (5th Cir.1993); *United States v. Rollinson,* 866 F.2d 1463 (D.C.Cir.1989). Because Defendant's agents signed the contract, they either knew or should have known that acceleration could occur if they failed to make payments. *See* SBA Form 147.

▆▆▆ Defendant's related argument that it was denied an opportunity to exhaust administrative remedies is also flawed. First, the SBA does not have an obligation to inform borrowers of any deferral rights they might have. *Don B. Hart Equity Pure Trust,* 818 F.2d 1246, 1250 (5th Cir.1987). Second, Defendant is charged with knowledge of the contents of federal regulations. *Federal Crop Insurance Co. v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). Thus, Defendant, not the SBA, had the obligation to request administrative relief. *See* 13 C.F.R. § 131.3(a) (1994). Third, because Defendant received two deferments, reduced and seasonal loan payments, an extended time in which to work out its difficulties, an extended period operating in a state of arrears, and a release of liens, it was not denied administrative consideration. The SBA did not act arbitrarily and capriciously when it accelerated the loan.

B. *Federal Debt Collection Procedures Act*

▆▆▆ Defendant's second argument why summary judgment should not be allowed claims that the Plaintiff improperly failed to base jurisdiction on the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001. In support, Defendant cites *United States v. Gelb,* 783 F.Supp. 748, 752 (E.D.N.Y.1991). In *Gelb,* Judge Platt of the Eastern District of New York held that the FDCPA applied to an action by the government to set aside two real estate conveyances. *Id.* at 752. In the case, Judge Platt denied defendant's motion for summary judgment and instructed the government that it "should amend" the complaint to plead the FDCPA. *Id.* at 758. Judge Platt, however, did not hold that the government failed to state a valid claim when it failed to plead the FDCPA.

By asserting that it is necessary for the Government to plead the FDCPA, Defendant overlooks the fact that the FDCPA is not a jurisdictional grant but instead provides the exclusive procedural rules for debt collection by the federal government. 28 U.S.C. § 3001(a).[1] This is important because Federal Rule of Civil Procedure 8 mandates that a complaint must state "the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8.

The Government claims this Court has jurisdiction pursuant to 28 U.S.C. § 1345. Section 1345 authorizes district courts jurisdiction when an agency of the United States, authorized to sue, brings a civil action. 15 U.S.C. § 634(b)(1) provides the congressional authorization for the SBA to sue. Therefore, it is not necessary for this action to arise under the FDCPA in order for the Court to have subject matter jurisdiction.

The case *United States v. Personal Computer Center, Inc.,* 1992 WL 166977 (D.Kan.), supports the Government's position that it is not essential that the complaint be brought pursuant to the FDCPA. In *Personal Computer Center, Inc.,* the SBA brought a contract action against the maker and the guarantor of two promissory notes. *Id.* at *1. Judge Saffels held that under Kansas law the SBA was entitled to summary judgment. *Id.* at *4. Judge Saffels, however, refused to allow the government to untimely amend the complaint to pray for a 10 percent surcharge pursuant to the FDCPA. *Id.*

In this case, the Government's attempt to collect on the promissory note is based on Illinois law. Nevertheless, Defendant is correct that the FDCPA could apply to this

---

**1.** The FDCPA also has substantive provisions that can serve as a basis for jurisdiction under 28 U.S.C. § 1331. *United States v. Larkin, Hoffman,*

*Daly & Lindgren, LTD.,* 841 F.Supp. 899 (D.Minn.1993).

action. *See* 28 U.S.C. § 3001. However, 28 U.S.C. § 3003 states that the FDCPA only preempts state law to the extent such law "is inconsistent with this chapter." 28 U.S.C. § 3003. Defendant has failed to demonstrate how Illinois law, as it relates to this case, is inconsistent with the FDCPA. Thus, the Government was not required to plead the FDCPA. Conversely, because they did not plead the FDCPA, the Government is not entitled to the surcharge provisions in 28 U.S.C. § 3011. *United States v. Personal Computer Center, Inc.*, 1992 WL 166977 (D.Kan.).

### C. *Failure To State A Cause Of Action*

Defendant's third contention why summary judgment should not be granted is that the Government failed to state a cause of action upon which relief could be granted. However, as discussed above and in two previous Orders, the Government has stated a claim upon which relief can be granted. Thus, there is no merit to the Defendant's third argument.

Because the Defendant has failed to raise a question of material fact and the three asserted affirmative defenses are without merit as a matter of law, the Government is entitled to summary judgment.

*Ergo,* motion (d/e 38) is ALLOWED. Plaintiff is awarded the sum of $289,637.06, plus additional interest of $59.79 per day from September 23, 1994, to the date of entry of this judgment.

SO ORDERED.

CASE CLOSED.