The **HARDAWAY COMPANY,**
**Plaintiff–Appellant,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, Defendant–Appellee.**

**No. 91–3435.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 13, 1993.

Michael F. McKenna, Edward D. Grayson, Saddle River, N.J., John Joseph Agliano, Tampa, Fla., for plaintiff-appellant.

Whitney Schmidt, Asst. U.S. Atty., Tampa, Fla., Edward T. Swaine, Robert S. Greenspan, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and ALAIMO *, Senior District Judge.

PER CURIAM:

The Hardaway Company (Hardaway), a subcontractor on a government construction project, appeals from the dismissal of its complaint seeking recovery from the government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80 (1988), for the balance due under its subcontract. We agree with the district court that Hardaway could not bring this claim under the FTCA and, accordingly, we affirm.

## I.

In July 1986, C. Ardavin Construction, Inc. (Ardavin) entered a general construction contract with the United States Corps of Engineers (Corps) to build a road at MacDill Air Force Base in Tampa, Florida. Before construction began, Ardavin posted the payment and performance bonds required by the Miller Act, 40 U.S.C. §§ 270a-d (1988). Two individuals acted as the sureties for Ardavin's bonds.

In January 1988, Hardaway, relying on the Corps' acceptance of these individuals as Ardavin's sureties, entered into a subcontract with Ardavin to perform the paving work portion of Ardavin's contract with the Corps. Hardaway thereafter performed the subcontract, but did not get paid. Apparently Ardavin had become insolvent. In an effort to recover the subcontract price, Hardaway sued Ardavin's sureties under the Miller Act. The sureties did not defend the case and Hardaway obtained a default judgment against them. Hardaway has been unable to obtain satisfaction of its judgment because it cannot locate the sureties or any of their assets.

Hardaway turned to the FTCA for relief and brought this case against the Corps in the United States District Court for the Middle District of Florida. Hardaway claimed that the Corps negligently investigated the financial worth of the sureties as required by government acquisition regulations. *See* 48 C.F.R. § 28.202–2(a) (1986).[1] Following the rule announced in *United States v. Smith*, 324 F.2d 622 (5th Cir. 1963),[2] the district court found that Hardaway could not state a claim under the FTCA and granted the Corps' motion to dismiss. Hardaway then appealed.

## II.

The FTCA describes government waiver of sovereign immunity for claims brought by those who are injured by tortious government action. It provides that "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674.

The *Smith* court held that an unpaid subcontractor on a government project could not recover under the FTCA for the general contractor's failure to post a payment bond under the Miller Act. 324 F.2d at 625. The court stated that the government could not be positioned "as a private individual under like circumstances." *Id.* at 624. Simply, *Smith* held that because there is no private analogy to subcontractor claims against the government alleging a contractor's failure to procure a Miller Act bond, the government may not be

---

* Honorable Anthony A. Alaimo, Senior U.S. District Judge for the Southern District of Georgia, sitting by designation.

1. The version of the regulation in effect at the time of the underlying conduct, 48 C.F.R. § 28.-202–2(a) (1986), provides that:

   Individual sureties are acceptable for all types of bonds except position schedule bonds. The contracting officer shall determine the acceptability of individuals proposed as sureties. At least two individual sureties must execute the bond and the net worth of each individual must equal or exceed [the] penal amount of the bond. Contracting officers shall consider the number and amounts of other bonds upon which a proposed individual surety is bound, and the status of the contracts for which such bonds were furnished, in determining the acceptability of the individual surety....

   Section 28.202–2 has since been significantly modified. *See* 48 C.F.R. § 28.203 (1991).

2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

found liable under the FTCA. *Id.* at 625.[3] *Smith* clearly applies to the instant case. Because there is no analogous private right of action for failing to investigate a surety on a Miller Act bond, Hardaway cannot maintain an action against the Corps under the FTCA.

Hardaway contends that *Smith* and similar cases in the other circuits are distinguishable from this case. It argues that the subcontractors in those cases claimed that the government was negligent in failing to require a contractor to post a Miller Act bond. The Miller Act, Hardaway claims, requires contractors to post bonds, but does not require the government to demand that bonds be posted. 40 U.S.C. § 270a(a).[4] Hardaway contends that this case is different because here the government had an affirmative duty under 48 C.F.R. § 28.202–2(a) to investigate the financial worth of the surety, and therefore an action under the FTCA may be maintained. We disagree.

Even if there is merit to Hardaway's argument that the government breached its duty to investigate, *Smith* preserves the government's sovereign immunity. There the court stated that the FTCA "simply cannot apply where the claimed negligence arises out of the failure of the United States to carry out a statutory duty in the conduct of its own affairs." *Smith*, 324 F.2d at 624–25. Obviously, a contracting officer should not approve a contract under the Miller Act without ensuring that an adequate surety bond exists. *See* 40 U.S.C. § 270a(a). The dictates of the regulation in 48 C.F.R. § 28.202–2(a), therefore, do not alter the government's basic obligations and should not increase its liability. *Smith* establishes that the government cannot be held liable under the FTCA when no bond exists. It would be perverse to hold that the government can be liable under the FTCA when a bond does exist, but proves to be inadequate. *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir.1992) ("[B]ecause liability is inappropriate when the United States approves a contract without a bond, the approval of a contract with an inadequate bond is likewise not actionable.").[5]

We thus hold that a subcontractor may not state a claim under the FTCA for the negligent failure to investigate the assets of a surety. Any other result would permit subcontractors to achieve "by indirection a result they could not reach directly under the Miller Act." *Id.* at 651 (quoting *Arvanis*, 739 F.2d at 1292). The district court correctly dismissed Hardaway's complaint.[6]

**3.** Three other circuits that have faced similar claims that Miller Act bonds were not obtained or were insufficient have followed *Smith*'s rationale. *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir.1992); *McMann v. Northern Pueblos Enters., Inc.*, 594 F.2d 784, 785–86 (10th Cir.1979); *Devlin Lumber & Supply Corp. v. United States*, 488 F.2d 88, 89 (4th Cir.1973); *cf. Arvanis v. Noslo Eng'g Consultants, Inc.*, 739 F.2d 1287, 1290–92 (7th Cir. 1984), *cert. denied*, 469 U.S. 1191, 105 S.Ct. 964, 83 L.Ed.2d 969 (1985) (subcontractor could not state a claim under the FTCA for the government's failure to ensure that a payment bond was posted). *But see JM Mechanical Corp. v. United States*, 716 F.2d 190, 196–97 (3d Cir.1983) (subcontractor made a valid claim under the FTCA for the government's failure to procure replacement bonds).

**4.** 40 U.S.C. § 270a(a) provides that "[b]efore any contract, exceeding $25,000 in amount, ... is awarded to any person, such person shall furnish to the United States the following bonds...."

**5.** Hardaway contends that this result necessarily depends upon the "uniquely governmental functions" exception to the FTCA that the Supreme Court disallowed in *Indian Towing Co. v. United States*, 350 U.S. 61, 64, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955). In light of the precedential force of *Smith*, as well as the persuasive authority of *Devlin*, *Arvanis*, and *McMann*, this argument must fail.

**6.** Hardaway also appeals the district court's refusal to impose a constructive trust on any funds the Corps retained for Ardavin. A subcontractor does not have standing under the FTCA to sue for the retainage. *See Arvanis*, 739 F.2d at 1292–93; *United Elec. Corp. v. United States*, 647 F.2d 1082, 1083–84 (Ct.Cl.), *cert. denied*, 454 U.S. 863, 102 S.Ct. 322, 70 L.Ed.2d 163 (1981). Any other result would subvert the Miller Act and would be "just the sort of direct raid on the treasury" that warrants sovereign immunity. *Arvanis*, 739 F.2d at 1292. Because we find that Hardaway's claim was properly dismissed, we need not reach his other arguments.

## III.

For the foregoing reasons, we find that Hardaway cannot recover against the government under the FTCA for its alleged negligence in investigating the financial worth of the individual sureties. Subcontractors may not circumvent the Miller Act by seeking payment from the government under the FTCA. Accordingly, the judgment of the district court dismissing Hardaway's amended complaint with prejudice is affirmed.

AFFIRMED.