**FGS CONSTRUCTORS, INC., Plaintiff,**

v.

**Michael CARLOW, d/b/a Carlow Enterprises, Carole Oberlitner, Carl Oberlitner, the United States of America, and the Bureau of Indian Affairs, Defendants.**

Civ. No. 92–5137.

United States District Court,
D. South Dakota, W.D.

June 8, 1993.

Bruce Ellison, Rapid City, SD, for plaintiff.

Robert Mandel, Asst. U.S. Atty., Rapid City, SD, for defendants.

## MEMORANDUM OPINION

BATTEY, District Judge.

### PROCEDURAL HISTORY

Defendant United States of America through the Bureau of Indian Affairs (the government) filed a motion to dismiss the claims that FGS Constructors, Inc. (FGS) has asserted against it. The government motion is made pursuant to Fed.R.Civ.P. 12(b)(1), lack of subject matter jurisdiction, and also apparently Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted. FGS filed a response in opposition to the government motion and the government replied.

### FACTS

The pertinent facts as alleged by FGS in its complaint are as follows. The government agreed to provide funding to the Oglala Sioux Tribe for repairs to the White Clay Dam located on the Pine Ridge Indian Reservation pursuant to the Indian Self–Determination and Education Assistance Act

(ISDEAA), 25 U.S.C.A. §§ 450–450n (West 1983 & Supp.1993). The tribe, acting in conjunction with the government, hired Cooper Consultants, Inc. as the project engineer. The tribe then selected Michael Carlow, doing business as Carlow Enterprises (Carlow), as the general contractor for the dam repair project. Carl and Carole Oberlitner (the Oberlitners), executed a surety bond pursuant to the Miller Act, 40 U.S.C.A. §§ 270a–270d (West 1986), guaranteeing Carlow's performance on the contract.

After obtaining the contract, Carlow subcontracted part of his performance to FGS. Disputes arose during the performance of the contract and FGS filed the present action in this Court. FGS alleged the following causes of action against the following defendants:

1. breach of contract against Carlow;
2. enforcement of the Miller Act bonds against Oberlitners; and
3. negligence against the government based on two theories
 a. negligence for violating a statutory requirement that federal procurement act policies and federal regulations be followed in executing and administering contracts pursuant to the Indian Self–Determination and Education Assistance Act, and
 b. negligence of the government's project engineer, imputed to the government through Public Law Number 101–512, § 314.

By order dated March 4, 1993, the Court dismissed without prejudice the claims FGS asserted against Carlow and the Oberlitners because FGS had not exhausted its remedies in tribal court as required by *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987); and *National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). The claims FGS asserted against the government are still before the Court and are the subject of the pending motion.

The government argues that the claims FGS asserts against the government should be dismissed. First, the government argues that the Court does not have jurisdiction

over the claims because FGS has failed to present an administrative claim for resolution by the BIA as required by the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 2675(a) (West Supp.1993). Second, the government apparently argues that FGS has failed to state a claim upon which relief can be granted. FGS resists the motion, arguing that the FTCA jurisdictional requirement of administrative presentment has been met and that FGS's complaint states a claim upon which relief can be granted.

## DISCUSSION

### A. Lack of Subject Matter Jurisdiction

The main contention upon which the government bases its motion to dismiss is that this Court lacks subject matter jurisdiction. The government motion is made pursuant to Fed.R.Civ.P. 12(b)(1). FGS has invoked three separate bases upon which this Court's subject matter jurisdiction is founded: the Federal Tort Claims Act, 25 U.S.C. § 450m–1, and Pub.L. No. 101–512, § 314.

A motion to dismiss based on lack of subject matter jurisdiction is an argument that the Court lacks the power to hear the class of cases to which the plaintiff's claim belongs. *See Continental Cablevision, Inc. v. United States Postal Serv.,* 945 F.2d 1434, 1437–38 (8th Cir.1991) (holding that subject matter jurisdiction relates to whether a plaintiff's claim falls within a class of claims which a court is empowered to hear). Therefore, if the claims of FGS fall within a class of cases over which this Court is granted jurisdiction, and providing the claims are not patently frivolous, this Court has subject matter jurisdiction over those claims regardless of the merits of the claims. *Id.; Bush v. United States,* 703 F.2d 491, 495 (11th Cir. 1983) (stating that "[t]he claim may ultimately fail in a trial, but that does not deprive the court of jurisdiction to consider it").

### 1. Federal Tort Claims Act

The government argues that under the Federal Tort Claims Act (FTCA), FGS must first submit its claim to the Bureau of Indian Affairs (BIA). FGS cannot institute suit in federal court against the government

until the BIA makes a final decision on the claim or six months passes during which the BIA fails to make final disposition of the claim. *See* 28 U.S.C.A. § 2675(a) (West Supp.1993).[1] The government correctly states that the requirement that a claimant first present his claim to the proper agency is jurisdictional. *See Farmers State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir.1989). The government then asserts that FGS sent the BIA an administrative claim on November 6, 1992, and that FGS filed its complaint in the present action on November 10, 1992. Because the BIA had not made a final disposition of the FGS claim before the complaint was filed nor had six months passed during which the BIA failed to make a final disposition of the claim, the government argues that FGS has not satisfied the jurisdictional prerequisite of administrative presentment under the FTCA. *See McNeil v. United States*, — U.S. —, —–—, 113 S.Ct. 1980, 1981–82, 124 L.Ed.2d 21 (1993) (holding premature a suit filed before final administrative determination of claimant's administrative claim).

FGS counters the government's argument by stating that it filed an administrative claim sufficient to satisfy the requirements of the FTCA in January 1992. FGS characterizes its November 1992 administrative claim as merely a "more formal" assertion of the claim it had already presented in January 1992. FGS then states that, because the BIA had not made a final disposition of its claim by November 10, 1992, the date FGS filed this complaint, and because more than six months had passed since FGS filed its administrative claim in January 1992, FGS has satisfied the jurisdictional prerequisite of 28 U.S.C.A. § 2675(a) of the FTCA.

The government replies that the administrative claim filed by FGS in January 1992 was filed in order to comply with requirements of the Contract Disputes Act. In addition, the government points out that the January administrative claim sought $911,-403.30 in damages while the November administrative claim sought $517,727.25 in damages. For these reasons, the government argues that the January 1992 administrative claim does not meet the presentment requirements of section 2675(a).

■ Section 2675(a) establishes a notice requirement. It is intended to allow administrative agencies of the United States government to investigate claims asserted against them to determine whether it would be advantageous to the government to negotiate a settlement of such claims. *See Farmers State Sav. Bank*, 866 F.2d at 276–77; *GAF Corp. v. United States*, 818 F.2d 901, 919–20 (D.C.Cir.1987). The Eighth Circuit has held that the notice requirement of section 2675(a) is satisfied when the claimant provides two things in writing to the appropriate agency. First, the claimant must provide the agency with sufficient information for the agency to investigate the claim, including at minimum the identity of the claimant and the bases for the claim. Second, the claimant must inform the agency of the amount of damages being sought. *See Farmers State Sav. Bank*, 866 F.2d at 277.

In this case, the administrative claim which FGS filed with the BIA in January 1992 identified FGS as the claimant, stated in exacting detail the incidents which caused the injuries to FGS, and stated a dollar amount which FGS attributed to the claim. The January claim specifically stated that the project engineer had provided documents which described the condition of the reser-

---

1. Section 2675 provides as follows:

 (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The*

 *failure of an agency to make final disposition of a claim within six months after it is filed shall at the option of the claimant any time thereafter be deemed a final denial of the claim for purposes of this section.* The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

 28 U.S.C.A. § 2675(a) (West Supp.1993) (emphasis supplied).

voir, that the contractors were to base their bids in reliance on these described conditions, that this reliance was a critical factor in the bid submitted by FGS, and that the engineer's documents were part of the general contract issued by the BIA. Part of the damages FGS requests compensation for include property damage to FGS equipment.

■ The government insists that the January claim was submitted in conformity with the Contract Disputes Act and therefore cannot satisfy the notice requirements of the FTCA. The government is mistaken. The inquiry is not whether the January claim complies with requirements of the Contract Disputes Act, because a single statement of a claim may satisfy the requirements of any number of government acts. Rather, the inquiry is, regardless of *which other* government acts the claim complies with, did the claim comply with the presentment requirements of 28 U.S.C. § 2675(a) of the FTCA. This Court holds that it did.

■ One of the presentment requirements of section 2675(a) is that the administrative claim state a sum certain for damages. *Melo v. United States,* 505 F.2d 1026, 1029 (8th Cir.1974). The purposes of the sum certain requirement are to facilitate settlement and to inform the agency whether the claim exceeds $25,000 and therefore requires the approval of the Attorney General in order to settle. *Lundgren v. United States,* 810 F.Supp. 256, 258 (D.Minn.1992).

■ The January administrative claim stated a sum certain. The fact that the January claim stated a damage figure *greater* than the figure quoted in the November claim is not important. While special restrictions exist when a claimant seeks to *increase* the amount of his claim, *McMichael v. United States,* 856 F.2d 1026, 1035 (8th Cir.1988),

no such restrictions exist on a claimant's ability to *decrease* the amount for which he is seeking compensation. *See Lunsford v. United States,* 570 F.2d 221, 222–24 (8th Cir.1977) (holding individual named claimants had satisfied the presentment requirements of section 2675(a) even though they requested damages in court which were $1,168,500 less than the damages requested in their administrative claims).

■ Furthermore, it is not determinative that FGS failed to use the words "tort" or "negligence" or that FGS failed to invoke the FTCA in its January administrative claim as long as the claim otherwise informed the BIA of the injury, the circumstances of that injury, and the amount of damages. *See Santiago–Ramirez v. Secretary of Dep't of Defense,* 984 F.2d 16, 19–20 (1st Cir.1993) (holding that section 2675(a) was satisfied by an administrative claim which identified the claimant, the date of the incident, the location of the incident, the government agency involved, and the type of injury alleged even if the claim did not specifically mention the FTCA, negligence, or tort). Satisfaction of the presentment requirements of section 2675(a) does not require the claimant to set forth his legal theories of recovery. *Bush,* 703 F.2d at 493–95; *Rooney v. United States,* 634 F.2d 1238, 1242–43 (9th Cir.1980). Furthermore, if a claimant does set forth a legal theory of recovery in his administrative claim, this is surplusage and does not jurisdictionally limit his theories in a subsequent court action. *Bush,* 703 F.2d at 494 (stating that if the administrative claim "fairly apprises the government of the facts leading to the claimant's injury, new theories of why those facts constitute tortious conduct can be included in a federal court complaint") (quoting *Rise v. United States,* 630 F.2d 1068, 1071 (5th Cir.1981)); *Rooney,* 634 F.2d at 1242.[2]

2. A case cited by the government, *Snowbird Constr. Co. v. United States,* 666 F.Supp. 1437 (D.Idaho 1987), is not to the contrary. In *Snowbird,* the plaintiff had entered into a contract to build houses on an Indian reservation. The contract was with the tribal housing authority, but the Department of Housing and Urban Development (HUD) provided financing and supervised the project. *Id.* at 1439–40. Disputes arose and the plaintiff filed two written administrative contract claims with the *tribal housing authority,* both of which were denied. *Id.* at 1445. The plaintiff subsequently filed an action under the FTCA against *HUD,* based on allegedly tortious conduct of HUD in supervising and overseeing the project. *Id.* at 1439–40. The court held that the presentment requirements of section 2675(a) were not met and dismissed the claims against HUD. *Id.* at 1446. Alternatively, the court held that, even had section 2675(a) been satisfied, plaintiff's tort theories were specifically excluded from FTCA coverage. *Id.* at 1446.

The Court holds that the January administrative claim submitted to the BIA by FGS satisfied the presentment requirements of 28 U.S.C.A. § 2675(a). Therefore, the Court has jurisdiction over FGS's claims under the FTCA.

### 2. *Pub.L. No. 101–512, Title III, § 314*

In addition to the FTCA, FGS invoked Pub.L. No. 101–512, Title III, § 314, as a basis of jurisdiction for its claims against the government. That statute provides in pertinent part as follows:

> With respect to claims resulting from the performance of functions ... under a contract, grant agreement, or cooperative agreement authorized by the Indian Self–Determination and Education Assistance Act ... an Indian tribe, tribal organization or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior ... while carrying out any such contract or agreement and its employees are deemed employees of the Bureau ... while acting within the scope of their employment in carrying out the contract or agreement: *Provided,* That after September 30, 1990, any civil action or proceeding involving such claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act....

Pub.L. No. 101–512, Title III, § 314, 104 Stat. 1915, 1959 (codified at 25 U.S.C.A.

§ 450f notes (West Supp.1993)). The above-cited law makes the government directly liable under the FTCA for acts of Indian tribes, tribal organizations, and Indian contractors taken pursuant to contracts "authorized by the Indian Self–Determination and Education Assistance Act" (ISDEAA), when those acts are within the scope of employment in carrying out the contract.

 FGS alleges that Cooper Consultants, Inc., the engineer, was hired by the Oglala Sioux Tribe (the tribe) *in conjunction with* the government. *See* Plaintiff's Complaint, ¶ 14.[3] FGS further alleges that the engineer acted negligently in failing to draw down the dam and in erroneously depicting the conditions of the dam below the surface of the reservoir. FGS asserts that under Pub.L. No. 101–512, § 314, the acts of the engineer are deemed to be the acts of the government and are covered by the FTCA.

The government *assumes* that two separate contracts were entered into: one between the government and the tribe pursuant to the ISDEAA, and one between the tribe and Cooper Consultants, Inc., the project engineers. The government then argues that while the contract between the tribe and the government was a "self-determination contract," the contract between the tribe and the engineers was *not* a "self-determination contract." The government argues that because Pub.L. No. 101–512, § 314 only subjects the government to liability for acts authorized by "self-determination contracts," and because the engineer's contract was not such a contract, Pub.L. No. 101–512 does not subject the government to liability for the

This case is distinguishable from *Snowbird* because the plaintiff in that case never submitted an administrative claim at all to the federal agency in question, HUD. In this case, FGS did submit its January administrative claim to the proper agency, the BIA.

**3.** At ¶ 8 of Plaintiff's Complaint, FGS states that the tribe alone contracted with Cooper Consultants, Inc. to retain that firm's engineering services. At ¶ 14 of Plaintiff's Complaint, FGS states that the tribe and the government acted together in hiring Cooper Consultants, Inc. to draw up contract documents, including technical provisions, change orders, and field orders. The claim by FGS that the engineer was negligent stems from: (1) the engineer's faulty depictions

of site conditions below the surface of the water in the reservoir behind the dam, (2) the engineer's failure to have the reservoir drained to below the level at which dam repairs were to take place by the time FGS was to make those repairs, and (3) faulty planning for water diversion. Inasmuch as these bases for liability, especially the first basis, are related to the engineer's activities in drawing up contract documents, rather than engineering activities in general on the project, FGS has sufficiently stated its allegation that the tribe and the government acted together in hiring the engineer. Whether this allegation will be proved by the facts is not before the Court at this point.

acts of the engineer. The government's argument is based on 25 U.S.C.A. § 450b(j) and (l) (West Supp.1993).

Section 450b(j) of Title 25 provides the following definition:

> "self-determination contract" means a contract (or grant or cooperative agreement utilized under section 450e–1 of this title) entered into under title I of this Act *between a tribal organization and the appropriate Secretary* for the planning, conduct and administration of programs or services which are otherwise provided to Indian tribes and their members pursuant to Federal law: ...

25 U.S.C. § 450b(j) (West Supp.1993) (emphasis supplied). Thus, a "self-determination contract" under the ISDEAA, by definition, is a contract between a tribal organization and either the Secretary of the Interior or the Secretary of Health and Human Services.[4] A "tribal organization" is defined as follows:

> the recognized governing body of any Indian tribe; any legally established organization of Indians which is controlled, sanctioned, or chartered by such governing body or which is democratically elected by the adult members of the Indian community to be served by such organization and which includes the maximum participation of Indians in all phases of its activities.

25 U.S.C.A. § 450b(l) (West Supp.1993). The government argues that, in this case, the engineer hired by the Oglala Sioux Tribe is not a "tribal organization" as defined by the Indian Self–Determination and Education Assistance Act. Furthermore, the contract between the engineer and the Oglala Sioux Tribe was not a "self-determination contract" because the contract was not between a "tribal organization" and the Secretary of the Interior. Therefore, the government cannot be subject to liability under Pub.L. No. 101–512, § 314.

The government's argument is persuasive, but it is based on an assumption not substantiated in the record: that two separate contracts were entered into and that the govern-

ment was not a party to the contract under which the engineer performed. This is in direct contradiction to the statement by FGS in its complaint that the tribe and the government acted together in hiring the engineer. *See* Plaintiff's Complaint, ¶ 14. The factual allegations stated in the complaint must be accepted as true until shown to be otherwise and the government provides the Court with nothing which would warrant doubting the statement made in the complaint. Pub.L. No. 101–512, § 314 extends the Court's jurisdiction under the FTCA to acts of Indian contractors taken in furtherance of contracts under the ISDEAA. The claim stated by FGS falls within that class of cases. Accordingly, the government's motion to dismiss this claim for lack of subject matter jurisdiction is denied.

### 3. 25 U.S.C. § 450m–1

█ In addition to the FTCA and Pub.L. No. 101–512, § 314, FGS cited 25 U.S.C.A. § 450m–1 (West Supp.1993) in its complaint as a separate basis for jurisdiction over its claims against the government. Section 450m–1 provides in pertinent part as follows:

> (a) The United States district courts shall have original jurisdiction over any civil action or claim against the appropriate Secretary arising under [the ISDEAA] and, subject to the provisions of subsection (d) of this section and concurrent with the United States Court of Claims, over any civil action or claim against the Secretary for money damages arising under contracts authorized by this Act. In an action brought under this paragraph, the district courts may order appropriate relief including money damages, injunctive relief against any action by an officer of the United States or any agency thereof contrary to this Act or regulations promulgated thereunder, or mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a duty provided under this Act or regulation promulgated hereunder.
>
> \* \* \* \* \* \*

---

4. The ISDEAA defines "Secretary" to mean "either the Secretary of Health and Human Services or the Secretary of the Interior or both"

unless otherwise specifically designated. 25 U.S.C.A. § 450b(i) (West Supp.1993).

(d) The Contract Disputes Act (Public Law 95–563, Act of November 1, 1978; 92 Stat. 2383, as amended) shall apply to self-determination contracts.

25 U.S.C.A. § 450m–1(a), (d) (West Supp. 1993). FGS has presented a "civil action or claim" against the BIA which arose under a contract authorized by the ISDEAA. Therefore, this Court has jurisdiction over FGS's claims against the government under section 450m–1 as well.

### B. Failure to State a Claim Upon Which Relief Can be Granted

Although the main thrust of the government's motion to dismiss is based on the argument that this Court lacks jurisdiction, the government also argues the following in a footnote:

Apart from the failure to exhaust administrative remedies, the Plaintiff's Complaint would also have to be dismissed because an unpaid subcontractor on a federal construction project cannot sue the United States under the FTCA by claiming that the government failed to guarantee that the general contractor or surety paid the subcontractor. *See, e.g., Hardaway Co. v. U.S. [sic] Army Corps. of Engineers,* 980 F.2d 1415 (11th Cir.1993).

Memorandum of Law of United States in Support of Motion to Dismiss at 2 n. 3. This footnote in the government's brief should probably be construed as an argument for dismissal based on the failure of FGS to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

■ A plaintiff's claim should not be dismissed for failure to state a claim unless it is patently clear that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir. 1992); *Murphy v. Lancaster,* 960 F.2d 746, 748 (8th Cir.1992); and 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, 325 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss for failure to state a claim, all well-pleaded factual allegations contained in plaintiff's complaint are taken as true.

*McCormack,* 979 F.2d at 646; *Murphy,* 960 F.2d at 748; and 5A Wright & Miller § 1357, 304.

■ Because a motion pursuant to Rule 12(b)(6) tests the formal sufficiency of the plaintiff's statement of a claim for relief, as opposed to the merits of such a claim, motions pursuant to Rule 12(b)(6) must be read in light of Fed.R.Civ.P. 8(a), which sets forth the requirements for pleading a claim. 5A Wright & Miller § 1356, 294–96. Rule 8(a) states in pertinent part that "[a] pleading which sets forth a claim for relief, ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief, ..." Thus, the issue presented by the government's Rule 12(b)(6) motion is whether, taking all well-pleaded factual allegations in the complaint to be true, FGS has succeeded in stating a claim that would entitle FGS to relief against the government under some set of facts. Having identified the issue and the standard to be applied, the Court now turns to the statement of the claim against the government by FGS in its complaint.

### 1. Negligence Based on the Government Agency's Violation of Federal Statutes and Regulations

The government cited as its sole authority in support of its argument pursuant to Rule 12(b)(6) the Eleventh Circuit case, *Hardaway Co. v. United States Army Corps. of Engineers,* 980 F.2d 1415 (11th Cir.1993). While *Hardaway* is distinguishable in some ways from the facts of the case before the Court, the analysis of *Hardaway* is appropriate to this case.

*Hardaway* dealt with a claim that the government was negligent in failing to investigate the financial condition of Miller Act sureties, from whom the plaintiff subcontractor had been unable to recover. *Hardaway Co.,* 980 F.2d at 1416. By contrast, FGS in this case alleges that the government was negligent in failing to comply with a statutory duty to follow federal procurement act policies and federal regulations in the formation and administration of the general contract in this case.

■ However, the *Hardaway* court stated as part of its rationale that the Federal Tort Claims Act "simply cannot apply where the claimed negligence arises out of the failure of the United States to carry out a statutory duty in the conduct of its own affairs." *Hardaway Co.,* 980 F.2d at 1417 (quoting *United States v. Smith,* 324 F.2d 622, 624–25 (5th Cir.1963)). This reasoning is consistent with several cases decided by the Eighth Circuit.

In *Klett v. Pim,* 965 F.2d 587 (8th Cir. 1992), the plaintiff asserted a claim under the FTCA, alleging that the government agency had acted negligently in the performance of its statutory and regulatory duties. The Eighth Circuit stated the following:

> The violation of a federal statute or administrative regulation by an agency of the United States does not, standing alone, create a cause of action under the FTCA. *See Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Younger v. United States,* 662 F.2d 580, 582 (9th Cir.1981); *Gelley v. Astra Pharmaceutical Prod., Inc.,* 610 F.2d 558, 562 (8th Cir. 1979). "[F]ederally imposed obligations, whether general or specific, are irrelevant to our inquiry under the FTCA, *unless state law imposes a similar obligation upon private persons.*" *Gelley,* 610 F.2d at 562; *see also* 28 U.S.C. § 1346(b).

*Klett,* 965 F.2d at 589 (emphasis supplied). The *Klett* court affirmed the district court's dismissal of plaintiff's claims because there was no similar cause of action under Iowa law. *Id.* at 589–90. The court specifically pointed out that under Iowa law, a cause of action for negligence existed for violation of some statutes, but not every statute or regulation. *Id.* at 589 n. 4. Furthermore, the court noted that no Iowa statute imposed a duty similar to that imposed by the federal statutes and regulations allegedly violated by the government. *Id.*

In the same vein as *Klett* are *Petty v. United States,* 679 F.2d 719 (8th Cir.1982), and *Gelley v. Astra Pharmaceutical Prods., Inc.,* 610 F.2d 558 (8th Cir.1979). In *Petty,* the district court had held that the Swine Flu Act, a federal statute, established the government's duty and that violation of that statute

was a basis for Petty's negligence claim. *Petty,* 679 F.2d at 727. The Eighth Circuit disagreed, stating the following:

> As under the Federal Tort Claims Act, liability under the Swine Flu Act depends on the law of the place where the act or omission occurred.... Thus, when a vaccinee sues the United States for negligently carrying out one of its tasks under the [Swine Flu Vaccination] Program by failing to provide adequate warning to potential vaccinees, state law supplies the applicable standard of care.

*Id.* (citation omitted).

In *Gelley,* the plaintiff had asserted a claim against the government based on the negligent enforcement of provisions of the federal Food, Drug and Cosmetic Act by the Food and Drug Administration, a federal agency. *Gelley,* 610 F.2d at 559–60. The district court dismissed the plaintiff's claims pursuant to Rule 12(b)(6). The Eighth Circuit affirmed, holding that violation by a federal agency of a federal statute or regulation could not form the basis of a claim under the FTCA. *Id.* at 562–63. An additional basis for the court's conclusion was that Minnesota state law provided no comparable cause of action. *Id.*

*Klett, Petty,* and *Gelley* demonstrate that the violation of federal statutes and regulations by a federal agency cannot form the basis of a negligence claim against the United States under the FTCA unless a comparable state statute provides a cause of action. In this case, FGS has stated that the government was negligent in failing to follow or enforce federal statutes and regulations. This is not enough to survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Accordingly, the government's motion to dismiss for failure to state a claim is granted as to the claim of FGS based on violation of federal statutes and regulations.

■ The Court notes that FGS has not provided citations to the specific federal statutes and regulations which it alleges the government violated. It is impossible, therefore, for the Court to examine South Dakota law to determine whether South Dakota law

imposes duties comparable to those described by the federal statutes and regulations. Therefore, as is customary in dismissals pursuant to Rule 12(b)(6), FGS may timely petition the Court to amend its complaint to try to state a cognizable cause of action against the government under the FTCA.

### 2. Negligence Based on the Acts of the Engineer

 FGS alleges a second theory of liability against the government: that the engineer negligently described conditions of the dam below the reservoir surface, that FGS was injured because of that negligence, that the engineer's acts were in furtherance of a contract authorized by the ISDEAA, and that such negligence is imputed to the government under Pub.L. No. 101–512, Title III, § 314 (codified at 25 U.S.C.A. § 450f notes (West Supp.1993)). The Court has already declined the government's argument that the Court lacks subject matter jurisdiction under Pub.L. No. 101–512, § 314.

However, the government also argues that this allegation by FGS fails to state a claim upon which relief can be granted. The government cites *McLaughlin Elec. Supply v. American Empire Ins. Co.*, 269 N.W.2d 766, 770 (S.D.1978), for the proposition that generally, property owners are not personally liable for work or materials furnished by a subcontractor to a contractor on a project on the owner's land where the subcontractor and owner are not in privity of contract.

This misses the point of FGS's claim. FGS is arguing that the engineer had a duty to FGS by reason of the engineer's provision of documents which depicted below-surface conditions of the dam and the fact that FGS, among others, was to rely on these documents in submitting its bid. FGS argues that the engineer breached this duty resulting in injury to FGS, including property damage. FGS's claim is *not* for recovery of materials and work provided to the general contractor. Rather, FGS's claim was for property damage and special damages caused directly by the engineer's breach of a duty owed to FGS. Except for Pub.L. No. 101–512, § 314, FGS's claim would be directly against the engineer. However, because the engineer's acts were in furtherance of a self-determination contract with the government (according to FGS's complaint), Pub.L. No. 101–512, § 314 allows FGS to sue the government under the FTCA.

As discussed above, the government is free to dispute at some future time the fact that the engineer entered into a contract with the government under the ISDEAA. However, FGS has stated this to be the case in its complaint. A Rule 12(b)(6) motion requires the Court to accept as true all well-pleaded factual allegations in FGS's complaint and the government has given the Court no reason to do otherwise. Accordingly, the government's motion to dismiss FGS's claim based on the engineer's negligence will be denied.

### CONCLUSION

FGS has satisfied the notice requirements of the Federal Tort Claims Act, 28 U.S.C.A. § 2675(a) (West Supp.1993), with its first administrative claim filed with the Bureau of Indian Affairs in January 1992. The Bureau of Indian Affairs denied the claim or failed to make a final disposition of the claim within six months, thus entitling FGS to initiate this lawsuit, which FGS did in November 1992. Accordingly, this Court has subject matter jurisdiction over the FGS claims against the government. The government's motion to dismiss on the basis of lack of subject matter jurisdiction is denied. Furthermore, the Court finds that it has additional bases of jurisdiction under 25 U.S.C.A. § 450m–1 (West Supp.1993) and Pub.L. No. 101–512, Title III, § 314.

The government also argues, based on *Hardaway*, that the claim of negligence made by FGS should be dismissed for failure to state a claim upon which relief can be granted. The facts of *Hardaway* are distinguishable from the present case, but its rationale is persuasive. Eighth Circuit precedent is in accordance with the precept that a cause of action under the Federal Tort Claims Act cannot be predicated upon violation of federal statutes and regulations by a federal agency. Accordingly, the government's motion to dismiss this claim for failure to state a claim is granted. The granting of the government motion does not preclude FGS from making

a subsequent motion to amend its complaint to attempt to state a claim against the government.

FGS asserted a second negligence claim against the government: that the project engineer, Cooper Consultants, Inc., was negligent and that that negligence is imputed to the government pursuant to Pub.L. No. 101–512, Title III, § 314 (codified at 25 U.S.C.A. § 450f notes (West Supp.1993)). The government argues that FGS has also failed to state a claim with regard to this allegation. However, the government's argument is based on an assumption of facts which is in direct contradiction to statements made in the complaint. On a motion pursuant to Rule 12(b)(6), the Court must accept as true well-pleaded factual allegations in a plaintiff's complaint. Therefore, the Court denies the government's motion to dismiss the negligence claim based on acts of the engineer. This dismissal does not preclude the government from reasserting this argument in a subsequent motion (perhaps under Rule 56) if the government is able to demonstrate that it was not a party to the contract under which the engineer performed.

For the foregoing reasons, the government's motion to dismiss for lack of subject matter jurisdiction is denied. The government's motion to dismiss for failure to state a claim is granted in part and denied in part. An order shall issue this same day.